### PEOPLE v. HASBROUCK et al.

(Supreme Court, Special Term, New York County.   November 30, 1907.)

1. CORPORATIONS—ACTIONS—RECEIVERS.

In an action under Code Civ. Proc. § 1782, by the Attorney General on behalf of the people, brought against a corporation and its directors to compel the directors to account for their official conduct and for their failure to perform their duties, etc., the court has authority under section 1810 to appoint a temporary receiver of the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2015.]

2. COURTS—FEDERAL COURTS—JURISDICTION.

The federal court has no jurisdiction to appoint a receiver of a domestic corporation on its petition of intervention in a suit in which the federal court appoints a receiver of a lessee of the property of the corporation on the petition of creditors of the lessee; nor has the federal court jurisdiction to appoint such a receiver on the petition of another domestic corporation which is a creditor of the corporation.

Action by the people of the state of New York against Daniel B. Hasbrouck and others. On motion for the appointment of a temporary receiver of the property of defendant the Metropolitan Street Railway Company. Granted.

William Schuyler Jackson, Atty. Gen. (Frank H. Mott, William F. Mackay, and Herbert R. Limburg, of counsel), for the motion.

Samuel Untermyer, opposed.

SEABURY, J. This action is brought pursuant to section 1781 of the Code of Civil Procedure. The purpose of the action is clearly set forth in the complaint, wherein the—

"Plaintiff demands judgment that the individual defendants account for their official conduct, as directors of the defendant company, from the year 1898 up to and including the present time, including their neglect or failure to perform their duties in the management and disposition of the funds and property of the defendant company committed to their charge; that they be directed to pay to the defendant company all money and the value of all property which was lost or wasted by or through them, or through their neglect or failure to perform their duties, and by the violation of their duties aforesaid; that they and each of them be suspended from exercising the office of directors of the defendant company, and directing that, upon their removal as directors, a new election be held to substitute other directors; appointing a receiver of the property of the defendant company, both during the pendency of this action and upon final judgment, with power to take such action as may be necessary to recover the value of the assets and property wasted; restraining all creditors from taking any action against the defendant company until the determination of this suit."

On September 30, 1907, there was presented to Mr. Justice Ford, and he signed, an order to show cause why a temporary receiver should not be appointed of the property of the Metropolitan Street Railway Company in this action, which order was served on October 1, 1907. On October 1, 1907, Mr. Justice Lacombe, of the United States Circuit Court, made an order extending the receivership of the property of the New York City Railway Company, which receivership had been appointed on September 24, 1907, to the property of the Metropolitan Street Railway Company. On October 8, 1907, the United States Circuit Court made an order making the receivership permanent; and, a bill have been filed in that court on October 7, 1907, by the Morton Trust Company, as trustee under a mortgage executed by the Metropolitan Street Railway Company to secure certain bonds, praying for the appointment of receivers of the property of the Metropolitan Street Railway Company, Mr. Justice Lacombe, on October 8, 1907, made an order appointing the same receivers who had been previously appointed as receivers of the property of the Metropolitan Street Railway Company.

The power of the Attorney General to bring this action is conferred by section 1782 of the Code of Civil Procedure. In this action the Attorney General moves for the appointment of a temporary receiver of the property of the defendant corporation. The appointment of such receiver is authorized by section 1810 of the Code of Civil Procedure. It is unnecessary to set out in detail the evidence of the acts of neglect and waste of the funds of this corporation, of which its directors are charged to have been guilty. In my judgment, upon the facts shown, there can be no doubt of the duty of this court to appoint receivers, unless the action of the federal court, in extending the receivership of the New York City Railway Company to the property of the Metropolitan Street Railway Company on October 1st, or the appointment of the same receivers on October 8th, upon the application of the Morton Trust Company, makes such action improper. Many of the considerations set forth in the opinion in People of the State of New York v. New York City Railway Company, 107 N. Y. Supp.

247, are applicable to this case, and would operate as reasons why, if receivers are to be appointed in this action, the federal court should comply with the request of the state court that the federal receivers be directed to surrender the property now in their possession to the receivers of this court. As the jurisdiction of the federal court to appoint receivers of the Metropolitan Street Railway Company is only claimed to exist as an incident to the jurisdiction alleged to have been acquired by the appointment of receivers of the New York City Railway Company, it necessarily follows that, if the federal court grants, as this court must assume that it will, the request which the state court instructs its receivers to make, the same disposition will be made of the case of the Metropolitan Street Railway Company.

There is, however, even a clearer right and a more obvious propriety that the state court should appoint receivers in this action than that which existed in the case of the New York City Railway Company. When the action of the federal court in appointing receivers of the Metropolitan Street Railway Company is examined in the light of judicial authority, it becomes evident that the federal court was absolutely without jurisdiction in the premises, and that the action there taken in reference to this corporation was void. The Metropolitan Street Railway Company stood in the position of a creditor of the New York City Railway Company, having leased all of its property, right of way, railroad, railroad routes, and franchises in 1902 to the New York City Railway Company for a term of years. It is not contended that any foreign creditor of the Metropolitan Street Railway Company made any claim against it, or that the Metropolitan Street Railway Company was named as a party defendant in the original suit. Upon its own petition this defendant company went into the federal court and requested to be allowed to intervene, as a party defendant, in the suit of the Pennsylvania Steel Company and the Degnon Contracting Company against the New York City Railway Company, and upon its own motion requested that an order be made extending the receivership of the property of the New York City Railway Company to its property. This motion was granted upon the ground that, the federal court then having possession of the res, it acquired jurisdiction of its owner. See opinion of Mr. Justice Lacombe on October 1 and on October 8, 1907 (157 Fed. 440). It is, of course, conceded that if the federal court had not assumed jurisdiction of the property of the New York City Railway Company on September 24th, and that if the application of the Metropolitan Street Railway Company had been an original or independent proceeding, the federal court would have been utterly without jurisdiction to entertain the application of this defendant company. Nor would the application of the Morton Trust Company, a corporation organized under the laws of the state of New York, alone confer jurisdiction upon that court. The question to be determined, therefore, is whether the United States Circuit Court had jurisdiction to extend the original receivership to the property of the Metropolitan Street Railway Company, or to appoint receivers upon the bill filed by the Morton Trust Company. Neither in the application of the Metropolitan Street Railway Company for an extension of the receivership to its property nor in the application of the Morton

Trust Company for the appointment of receivers of the Metropolitan Street Railway Company has there been present the element of diversity of citizenship, or any cause of action which arose under the Constitution or laws or treaties of the United States, and the Circuit Court was entirely without jurisdiction to take the action which it assumed to take. The action taken in those proceedings was not ancillary, in any proper sense, to the original action commenced September 24, 1907, but was independent and original, and in both cases the relief sought could be granted in the state court. Minnesota Company v. St. Paul Co.; 2 Wall. (U. S.) 609, 633, 18 L. Ed. 856.

The only authority which has been called to the attention of this court which seems to sustain the action taken, and to hold that such action is sufficient to confer jurisdiction, is the case of Central Trust Company v. Wabash, St. L. & P. R. R. Co. (C. C.) 29 Fed. 623. In view of the criticism which judicial authority has made of this case and the decisions which have declared a contrary rule, the Wabash Case cannot be regarded as controlling. High judicial authority has characterized the decision in the Wabash Case as "sui generis," and declared it to be "without precedent" and "one that ought not to be followed." State ex rel. Merriam v. Ross, 122 Mo. 435, 460, 25 S. W. 947, 23 L. R. A. 534. The petition of the Metropolitan Street Railway Company states no cause of action against anybody, nor does it show that the petitioner's rights have been impaired. It was merely the application of a creditor of the New York City Railway Company, which feared that it would be unable to pay its obligations, requesting a court of equity to take over its property and carry on its business. As was said by the court in the case of State ex rel. Merriam v. Ross, 122 Mo. 435, 25 S. W. 947, 23 L. R. A. 534:

"It is simply a petition by a debtor for the appointment of a receiver to manage and carry on its business, so that its creditors cannot enforce their legal rights in the courts of the country, and not a petition stating a cause of action either at law or in equity, in which, as incident thereto, a receiver might be appointed. The filing of that petition no more constituted an actual controversy between contending suitors in court than would the filing of a copy of the Lord's Prayer."

In the case of State v. Ross, supra, the authorities upon this subject are exhaustively reviewed, and the court concluded that such a petition was insufficient to confer jurisdiction upon a court. In Merchants' & Manufacturers' National Bank of Detroit v. Kent Circuit Judge, 43 Mich. 292, 5 N. W. 627, it was held that the appointment of a receiver when there is no suit pending concerning the property of which he is put in charge is void. In Jones v. Bank of Leadville, 10 Colo. 464, 473, 17 Pac. 276, the court said:

"Hitherto it has been the universally accepted opinion that courts have no jurisdiction to appoint a receiver, except in a suit pending in which the receiver is desired, unless in cases of idiots, lunatics, and infants, which, as Lord Hardwicke says in Ex parte Whitfield, 2 Atkins, 315, is 'a particular jurisdiction.' * * * To hold that courts of equity can entertain jurisdiction to appoint a receiver of property as the substantive ground and ultimate object and purpose of the suit, on the petition of the owner of the property to be controlled and protected, would be to make them the administrators of every estate when the owners thereof seem incapable or unwilling to administer them."

Further support for the doctrine referred to in these cases will be found in the case of Baker against Administrator, 32 Ill. 79; Hardy v. McClellan, 53 Miss. 507; In re Hancock, 27 Hun, 575; Harwell v. Potts, 80 Ala. 70; Pressley v. Harrison, 102 Ind. 14, 1 N. E. 188; Port Huron & Gratiot R. Co. v. Judge of Ste. Claire Circuit, 31 Mich. 456.

There being no legal authority for the extension of the receivership to the defendant company upon its own application, nor for the appointment of receivers upon the application of the Morton Trust Company, other than the Wabash Case, which has since been repudiated, and such applications being insufficient to confer jurisdiction upon the federal court, it follows that such action was without jurisdiction and void. Being without jurisdiction, it presents no obstacle in the way of this court granting the motion for the appointment of receivers. That motion is therefore granted.

The court appoints the same receivers as it has appointed in the case of the New York City Railway Company, and subjects them to the same instructions as to the manner of applying to the federal court to secure the possession of the property to which, under the law, they are clearly entitled.