FREDERICK MICHEL et al.

*v.*

WILLIAM NECKER, INC.

[Decided April 12th, 1919.]

1. In a case in which it appeared that in October, 1916, the federal district court of this district had taken over the administration of the affairs of a corporation (engaged in the business of undertaking) in a general administration suit instituted by a non-resident creditor and stockholder with the consent of the corporation, and that the business had been conducted from the time of the appointment of the receiver down

to the present time, and that none of the assets of the corporation had been liquidated except such as were liquidated incidentally in the running of the business, upon the application of a creditor upon a bill filed under the statute, in the court of chancery it was held—(*a*) that the proceedings in the federal court did not preclude proceedings under the statute in the court of chancery; (*b*) that the court of chancery would take jurisdiction, the statutory requisites being present; (*c*) that notwithstanding the fact that the assets were within the control of the federal receivers a receiver would be appointed, the statute and public policy requiring that, the corporation having been enjoined from exercising its privileges and franchises there should be in existence a statutory agent known as a receiver and the creditors and stockholders being entitled to the appointment of a receiver to represent their interest as well as the interests of the corporation; (*d*) that the receiver would be instructed to apply to the federal court to set up the proceedings in the court of chancery, urge that the proceedings in that court supersede the proceedings in the district court and ask the district court to direct the delivery to him of the assets for administration in the court of chancery; to ask the district court to, in any event, turn over to him the funds derived through the administration in the federal court before any distribution to creditors, to the end that the funds may be dealt with in accordance with the statute; to appear, if he is so advised, in the federal court, to urge upon that court such considerations as he may be advised is proper and in the interest of his *cestui que trustent*, and authorized to perform such acts, including, if he is so advised, consents in the federal court as he may consider in the interests of his trust, provided that he is not to subject himself to the jurisdiction of the federal court, as that court may have power to direct him in the performance of his duties as receiver, or to enjoin him from the performance of his duties, or any act directed by the court of chancery, or to direct him to perform any act which may be forbidden by the court of chancery.

2. The nature of proceedings under the statute concerning insolvency, &c., considered and likened to probate proceedings.

3. The court of chancery will, and will direct its receiver to, co-operate with the federal court so that there may be no loss to creditors or stockholders.

On bill. On petition of receiver.

*Mr. Dougal Herr,* for the receiver.

Lane, V. C.

This is an application by a receiver, appointed under the statute, of defendant corporation for instructions as to his course of procedure. In October, 1916, the United States district court for this district, on a bill filed by a creditor and stock-

holders against the defendant corporation, alleging that its affairs were in such condition as that unless their administration were taken over by the court there would be loss to creditors, appointed a receiver, who has been continuing the business (that of an undertaker) until the present time. On April 1st, 1919, upon a bill filed by a creditor setting forth the statutory requisites, this court appointed a receiver under the statute. There are in the possession, or under the control, of the federal receiver, considerable personal assets and it is represented that this receiver is about to apply to the federal court for permission to dispose of some or all of them. Up to the present time, as represented to me, none of the assets of defendant have been liquidated through the federal receivership except such as were incidentally liquidated in the running of the business. The receiver appointed by this court represents that he has not yet had sufficient opportunity to fully familiarize himself with the affairs of the corporation (he qualified April 2d) but that, from such investigation as he has been able to make, he believes that it is his duty to intervene in the federal proceedings and urge upon the federal court, in the right of general creditors and stockholders, that the assets should not be disposed of until, at least, he has had sufficient time to thoroughly go into the situation. He also insists that the statutory procedure put in motion by this court supersedes the proceedings pending in the federal court, and that there is nothing left for that court to do but to compensate its receiver and turn over the administration of the estate to this court, and (orally) that in any event as representing creditors, he alone is entitled to any proceeds which may be realized through the federal administration, and that creditors must now seek their rights and their payments through him. There is an application to be made in the federal court on Monday, April 7th, so that the receiver must have his instructions at once. There is no time for notice to creditors and stockholders. An order to show cause will go, however, requiring all creditors and stockholders to show cause why the instructions now given to the receiver should not be continued or other instructions given.

On awarding the statutory injunction and appointing the receiver I held that where it appeared that the administration of the affairs of a corporation of this state is, and has been for a considerable space of time, in the hands of a receiver appointed by a federal court in an ordinary equity administration suit instituted by creditors and stockholders with the consent of the corporation, and a creditor or stockholder applies to this court to set in motion the statutory machinery for winding up, it is the duty of this court to act and act at once. I followed my own decision in *Hitchcock* v. *American Pipe and Construction Co., 105 Atl. Rep. 655,* and Vice-Chancellor Stevenson in *Elm* v. *International Steam Pump Co.,* therein referred to. In urging against the appointment of a receiver counsel represented that my criticism of the practice of the federal courts in making orders affecting the rights of creditors and stockholders without notice to them did not apply to this district and that this was a distinguishing feature. Counsel overlooked the fundamental ground upon which the court acts. The legislature of this state has provided by statute that whenever a corporation, incorporated under the laws of this state, gets into a condition such as the defendant corporation here is in, it should be wound up in a certain manner and by a certain procedure; that directors and officers should be under certain disabilities; that stockholders should be under certain obligations; that the assets should be dealt with and distributed in a certain manner and that creditors and stockholders should have certain rights, among which is to have in existence a statutory officer known as a receiver, who, by virtue of the statute, represents not only the court, but the corporation, its stockholders and its creditors, and who has and may exercise the rights of all. This receiver has certain statutory rights and duties. He is, to a great extent, an independent *ego,* a new creature. There is nothing akin to him known to the federal practice, except in the administration of the statute. It almost seems a waste of time to more fully describe our procedure. Vice-Chancellor Stevenson in a series of cases, among which is *Gallagher* v. *Asphalt Co., 67 N. J. Eq. 441,* covered the situation and I considered it in the *Hitchcock Case.* The statutory procedure is in the nature of an

equitable *quo warranto.* It is in the nature of a probate proceeding. It is a winding up of the affairs of a deceased corporation through a statutory agent, just as a probate proceeding is a winding up of the affairs of a deceased individual through an agent authorized by statute. A decree of dissolution actually killing the corporation may be entered at any time after the appointment of a receiver. The corporation indeed may be considered dead after the award of the statutory injunction although it may be revived by proceedings under the sixty-ninth section. As a result of the proceedings the corporation and its liabilities are extinguished. As I pointed out in the *Hilchcock Case* this is not at all the result of the proceedings in the federal court. Its receiver is a mere custodian with such powers over the assets as may be vested in him by order. He represents no one but the court. The corporation is still assumed to represent creditors and stockholders. No decree of dissolution can be entered. The liabilities of the corporation are not extinguished except *pro tanto.* The statute of this state is a part of the charter of every corporation organized under it and every stockholder and creditor becomes such charged with notice of its provisions and subjects his rights to the effect of its operation, and this irrespective of whether he be resident or non-resident. If, prior to the award of the injunction and appointment of the receiver in this suit, there had been pending in this court a general equity administration suit, such as is now pending in the district court, there is no doubt but that this suit would supersede that. There have been several cases in which this situation was presented which have come under my observation. *Morse* v. *Metropolitan Steamship Co., 100 Atl. Rep. 219,* was one. There a general equity administration suit was instituted and a general equity receiver appointed, subsequently a statutory receiver was appointed and there was no question but that the statutory proceedings superseded the general equity suit. So it would seem to me to be a logical conclusion that, the statutory method having been put in motion by this court, it should take precedence of the general equity administration suit instituted in the federal court. It is hard to conceive that the mere fact that the general equity

suit is pending in a federal court can make any difference. The complainants in that suit went into the federal courts to enforce their rights because they were non-residents, but I do not understand that they can enforce any alleged rights which they do not have under the state law. Non-residents they may be but their rights are measured by the law of the state. If a suit were pending in the federal court against an individual and that individual died before judgment there is no doubt but that the adverse suitor would be bound by the state law with respect to the administration of the estate of deceased, and so it would seem that, a court of competent jurisdiction having taken over the administration of the affairs of this defendant corporation under the statute in a proceeding akin to probate proceedings, having, in effect, killed the defendant, deprived it of the power to exercise any of its rights, of its power to appear in the federal proceedings, the proceedings in the federal court, it may well be urged are superseded, and that court holds custody of the assets (to which the receiver appointed under the statute as representing the corporation, its stockholders and creditors, is entitled), only for the purpose of securing compensation to its receiver and officers, just as in case bankruptcy proceedings are instituted after the appointment of a statutory receiver by this court, it has been held, this court holds custody of the assets (to which the trustee is entitled), only for the purpose of securing compensation to the receiver and the payment of administration expenses. The moment the statutory receiver is appointed he represents, as I have above stated, creditors and stockholders, and all creditors and stockholders, resident or non-resident, including the complainants in the suit pending in the federal court. In his capacity as representing the corporation he is entitled to assert the rights of the defendant in that suit, in his capacity representing creditors and stockholders he is entitled to assert any rights of the complainant. If a decree of dissolution should go it would seem that, unless the receiver appeared in the federal court, the suit would abate. The reasoning which has induced the federal courts to hold that dissolution does not bar bankruptcy does not apply here. The nature of the proceedings under the statute and the position of the receiver is well illus-

trated by the fact that the complainant in a suit under the statute has no control over the litigation. It may subsequently turn out there he is neither a creditor nor a stockholder; his claims may be wholly disallowed, yet the proceedings do not fall; the court proceeds, notwithstanding, to administer the statute.

I was of counsel in the case of *Elm* v. *International Steam Pump Co.,* and I refer counsel to my argument before Vice-Chancellor Stevenson in that case and to the cases which I cited in support of my conclusion.

It was urged against the appointment of a receiver in this case that such appointment would or might embarrass the administration of the assets in the federal court and result in loss to creditors; that, after all, creditors are interested only in getting as much out of assets as possible and not at all interested in what court the proceedings are taken. In appointing the receiver I said: "This court will not appoint a receiver for the sole purpose of endeavoring to take out of the jurisdiction of another court the administration of assets within its control. But so long as the statute remains in effect, as long as the public policy of this state is that the administration of assets of a corporation which is in the situation that this one is in, should be in a statutory manner, and so long as it is the public policy that a statutory officer appointed by the court should represent all interests, then it seems to me that this court should not withhold its hand either with respect to the adjudication or the appointment of a receiver. It seems to me that the creditors and stockholders and the public generally are entitled under the statute to have an officer appointed who will be charged with the duties imposed upon him by statute and who will, in all senses, represent creditors and stockholders, and who may, in their right and in the right of the corporation, as he may be advised or directed, appear in the proceedings in the federal court." And see *Hitchcock* v. *American Pipe and Construction Co.* Vice-Chancellor Stevenson in the *Gallagher Case* refused to appoint a receiver, although awarding a statutory injunction because, under the facts in that case, he held that such an appointment might tend to interfere with the proper administration of assets within the

control and jurisdiction of the federal court. In the *Elm Case* he appointed a receiver but refused to permit him to question the jurisdiction of the federal court in New York. The considerations which are now pressed upon me were not pressed upon him. The object in that suit was to question the jurisdiction of the federal court from the beginning. Here, assuming that the federal court had jurisdiction, it is argued that, the statutory procedure having been put in motion, it supersedes the proceedings in the federal court, just as if, had the statutory procedure been instituted in the federal court, it would have superseded the general equity proceedings there pending, and it is further argued that creditors and stockholders must seek their rights and get their payments through the statutory receiver, that if the federal receiver be permitted to liquidate the assets, the fund must be turned over to the statutory receiver to be by him distributed according to the statutory scheme; that if it be a fact, which is denied, that general creditors secured any rights through the institution of proceedings in the federal court, those rights must be asserted in these proceedings, just as if the general equity proceeding had been instituted in this court. The question is whether this court ought, because of a fear that there may be some loss to creditors, in defiance of the public policy of this state, forbid its receiver taking the position toward the federal administration which he urges here. I have concluded that this court ought not to so act, at least at this time. The statute and public policy, as I understand the situation, requires the administration of the affairs of the corporation in the statutory manner and by the statutory procedure; the creditors appearing in this suit are entitled to their rights as well as the creditors appearing in the federal court; all creditors and stockholders are entitled to the full benefit of the statute, which can only be obtained through this procedure. I do not apprehend that there is any real danger of loss. The receiver at this time will not be directed to do anything more than call for the judgment of the district court upon the questions raised. If he did less I think he would be derelict in his duty. It must not be overlooked that the statute imposes his duties upon him not the order of this court. This court is disposed to co-operate,

if necessary, with the federal court, in getting as much for the assets of the corporation and in winding up its affairs as speedily as possible. The questions raised may be speedily submitted to the federal court, and the matter is then, for the time being, at least, with that court. The receiver will be directed to appear in the district court, set up the proceedings in this court, urge that the proceedings here supersede the proceedings there and ask that court to direct the delivery to him of the assets for administration here, after, however, the federal receiver shall have been compensated and the administration expenses paid or provided for; to ask the district court to, in any event, turn over to him the funds derived through the administration in the federal court, before any distribution to creditors, to the end that the funds may be dealt with in accordance with the statute, to appear, if he be so advised, in the federal court representing the corporation and its creditors and stockholders, to urge upon the federal court such considerations as he may be advised is proper and in the interest of his *cestui que truslent,* and he is authorized to perform such acts, including, if he is so advised, consents in the federal court, as he may consider in the interest of his trust. Creditors and stockholders will be required to show cause on April 22d why these instructions should not be continued, or other instructions given, and at the same time why the present receiver should not be continued or another appointed in his place and stead.

The receiver will not be permitted to so subject himself to the jurisdiction of the federal court, as that that court may have power to direct him in the performance of his duties as receiver, or to enjoin him from the performance of his duties or any act directed by this court, or to direct him to perform any act which may be forbidden by this court.

The federal receiver, upon the return of the order to show cause heretofore referred to, will be heard, if he so desires, without his submitting himself in anywise to the jurisdiction.

Since writing the above, it has occurred to my mind that in the *Gallagher Case, 67 N. J. Eq. 441,* in which the vice-chancellor declined to appoint a receiver for the purpose of interfering with the administration in the federal court it appeared that the

federal court was proceeding under our statute, and in *Elm* v. *International Steam Pump Co.,* in which the vice-chancellor appointed a receiver but declined to instruct him to question the jurisdiction of the federal court in New York, it appeared that the New York cause was a consolidated cause. A foreclosure proceeding had been instituted, of which proceeding the federal court had jurisdiction (aside from charges of collusion, &c.). The foreclosure case had been consolidated with the administration suit and the same receivers had been appointed in the foreclosure case as in the administration case so that, irrespective of whether the court had jurisdiction in the administration suit, its receivers were entitled to the property in the foreclosure suit. I might say in passing that the vice-chancellor permitted certain stockholders in the name of the receiver to raise in the federal court the question of collusion. Upon the issue of fact the federal court found against the stockholders.

I have also examined the cases of *People* v. *New York City Railway Co., 107 N. Y. Supp. 247; People* v. *Hasbrouck, 107 N. Y. Supp. 257,* in which cases the supreme court of New York appointed receivers, in proceedings instituted under the statute, of corporations, the administration of whose affairs had been taken over by the federal court in equity administration suits. I notice that the instructions given to the receivers in those cases are similar to the instructions which I have given to the receiver in this case. Mr. Justice Seabury cites many cases in support of the position that he took, and also reached the conclusion, upon authorities cited by him that the federal court would release its control. My impression is that no subsequent proceedings were taken by the receivers, appointed by the state court, in the federal court, at least I have no knowledge of any authoritative decision of the federal court. My impression also is that in the Metropolitan railway litigation there was the foreclosure of a mortgage and the case would be similar to that of the International Steam Pump Company—that is, the federal receivers would have the right to control the assets in the foreclosure proceedings.