In re PASCO TOBACCO CO., INC., Bankrupt.

Fred ZIMMERMAN, Trustee, Plaintiff,

v.

William S. ROSENTHAL, Defendant.

Bankruptcy No. 78–1917EG.

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 3, 1982.

■■■■■■■■

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for plaintiff, Fred Zimmerman, trustee.

Fred Zimmerman, Pennsauken, N. J., trustee.

Gilbert B. Abramson, Jay Feinschil, Abramson, Freedman & Blackman, P. C., Philadelphia, Pa., for defendant, William S. Rosenthal.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us springs from the defendant's motion for summary judgment. The question is which statute of limitations is applicable to the instant complaint brought by the trustee against the defendant, the former president and sole shareholder of the bankrupt, to recover monies which the defendant allegedly wrongfully diverted from the bankrupt to his own use. We conclude that the appropriate statute of limitations is the six-year statute asserted by the trustee, rather than the two-year statute urged by the defendant. Accordingly, we conclude that the instant complaint is not barred by the statute of limitations and we will, therefore, deny the defendant's motion for summary judgment.

The facts of the instant case are as follows:[1] On December 26, 1978, an involuntary petition in bankruptcy under the Bankruptcy Act ("the Act")[2] was filed against Pasco Tobacco Co., Inc. ("the bankrupt") and, on January 5, 1979, an order of adjudication was duly entered. On November 27, 1981, Fred Zimmerman, the trustee of the bankrupt's estate, filed a complaint against William S. Rosenthal ("the defendant") to recover certain funds of the bankrupt which the trustee alleged were wrongfully diverted by the defendant from May, 1977, through March, 1978. The defendant responded by filing a motion for summary judgment, asserting that the trustee's complaint is barred by the statute of limitations, which the defendant asserted was two years. The trustee answered that motion by arguing that the appropriate statute of limitations for the instant complaint is a six-year statute.

Section 11e of the Act provides in relevant part:

A receiver or trustee may, within two years subsequent to the date of adjudication *or within such further period of time as Federal or State law may permit,* institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy.[3]

The defendant argues that the pertinent state statute of limitations is that found in § 5524(3) of title 42 of the Pennsylvania Consolidated Statutes. That section provides, in relevant part:

The following actions and proceedings must be commenced within two years:

. . . .

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.[4]

The trustee contends, however, that the relevant statute of limitations is that contained in § 5527(6) of title 42 of the Pennsylvania Consolidated Statutes, which provides:

The following actions and proceedings must be commenced within six years:

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Although the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankrupt-
cy Reform Act of 1978, Pub.L.No.95–598, § 403, 92 Stat. 2683 (1978).

3. 11 U.S.C. § 29(e) (repealed 1978) (emphasis added). *See, e.g., Feldman v. Philadelphia National Bank,* 8 C.B.C. 528 (E.D.Pa.1976).

4. 42 Pa.Cons.Stat. § 5524(3).

. . . .

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531.[5]

On first impression it appears that the section cited by the defendant is applicable herein because the complaint filed by the trustee can be characterized as an action to recover personal property (the funds of the bankrupt) wrongfully taken by the defendant. However, on examination of the legislative history to title 42, we conclude that the applicable statute of limitations in the instant case is the six-year statute cited by the trustee. The Disposition Table and official notes to title 42 state that among the statutes which were recodified as § 5527(6) and given a six-year statute of limitations was § 41 of title 12 of the Pennsylvania Statutes. That section provided:

§ 41. *Limitation of suits against stockholders and directors.*

It is hereby declared to be the true intent and meaning of the statutes of limitation, that *no suit,* at law or in equity, *shall be brought or maintained against any stockholder or director in any corporation* or association, *to charge him* with any claim for materials or moneys for which said corporation or association could be sued, or *with any neglect of duty as such stockholder or director, except within six years after* the delivery of the materials or merchandise, or the lending to or deposit of money with said corporation or association, or *the commission of such act of negligence by such stockholder or director.*[6]

Prior to the recodification of § 41 in § 5527 of title 42, the Pennsylvania courts consistently applied the six-year statute of limitations of § 41 to suits against corporate stockholders and directors for their alleged misconduct, including the negligent diversion of corporate funds to their private use.[7] We conclude that the instant complaint by the trustee against the defendant fits within the category of cases which were governed by § 41 of title 12 before its repeal. We further conclude that the Pennsylvania legislature has provided that those cases are to continue to have a six-year statute of limitations by recodifying § 41 of title 12 in § 5527(6) of title 42. Consequently, we conclude that the action by the trustee herein is not barred by the statute of limitations and we will, therefore, deny the defendant's motion for summary judgment.

---

5. 42 Pa.Cons.Stat. § 5527(6).

6. Pa.Stat.Ann. tit. 12, § 41 (Purdon) (codified with differences in language at 42 Pa.Cons. Stat. § 5527(6).

7. *See, e.g., Johns v. Cheeseman,* 457 Pa. 414, 322 A.2d 648 (1974); *Ebbert v. Plymouth Oil Co.,* 338 Pa. 272, 13 A.2d 42 (1940).