**Charles FICKINGER on behalf of himself and all others similarly situated**

v.

**C.I. PLANNING CORPORATION and City Investing Company.**

Civ. A. No. 81–0951.

United States District Court, E.D. Pennsylvania.

Dec. 30, 1982.

Eugene A. Spector, Gross & Sklar, Philadelphia, Pa., Timothy A. Gallogly, Eichman & Gallogly, Haverford, Pa., for plaintiff.

Patricia L. Freeland, Pepper, Hamilton & Scheetz, Philadelphia, Pa., Christopher Crowley, Andrew C. Jacobs, Susan P. John-

ston, Davis, Polk & Wardwell, New York City, for defendants.

## MEMORANDUM

SHAPIRO, District Judge.

This is a class action on behalf of shareholders in a Real Estate Investment Trust ("REIT"), pursuant to § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Pennsylvania common law, to recover damages for alleged misrepresentations and omissions by the REIT's advisor and the parent company. Defendants moved for summary judgment on the ground that plaintiff's action is time barred. The motion has previously been denied without prejudice and this is a statement of the reasons.

■ There is no statute of limitations stated for private actions under § 10(b) of the 1934 Act; therefore, "an appropriate limitations period from the law of Pennsylvania, the forum state" applies. *Biggans v. Bache Halsey Stuart Shields,* 638 F.2d 605, 607 (3d Cir.1980). Defendants contended the governing period of limitations was that of the Pennsylvania Securities Act (the shorter of three years from the date of violation or one year after the plaintiff receives actual or constructive notice); 70 P.S. § 1–504(a). Plaintiff contended the period is that for common law fraud; it is presently unsettled which Pennsylvania statute applies to such actions. Defendants argued that the two-year limitation found in 42 Pa.C.S.A. § 5524(3) covers actions for fraud. Plaintiff argued that this subsection, pertaining to any "action for taking, detaining, or injuring personal property . . .," does not cover fraud, nor does such other specific section, and therefore the six-year catch-all limitation found at 42 Pa.C.S.A. § 5527(6) governs. We have held that the limitation period of the Pennsylvania Securities Act does not apply and that § 5524(3) rather than § 5527(6) provides a two-year limitation period for fraud actions.

■ The Court of Appeals has ruled on the first issue. In *Roberts v. Magnetic Metals Co.,* 611 F.2d 450 (3d Cir.1979), *Big-*

*gans, supra* and *Sharp v. Coopers & Lybrand,* 649 F.2d 175 (3d Cir.1981), actions under the 1934 Act, the limitations period of the state Blue Sky statute was held inapplicable.

In *Roberts,* plaintiff, a selling shareholder, bringing an action against the corporation, its merger partner and their broker, alleged material misrepresentations and omissions in connection with defendants' solicitation of shareholder approval of a merger. The Court of Appeals held that such an action filed in New Jersey was governed by the six-year statute of limitations applicable to actions for common law fraud rather than the two-year statute provided by the New Jersey Uniform Securities Act.

In *Biggans,* a Rule 10b–5 action against a broker for "churning," filed in Pennsylvania, the Court of Appeals held that the six-year statute of limitations applicable to actions for common law fraud governed rather than the one-year limitation of the Pennsylvania Securities Act. The Pennsylvania statute proscribes churning and the Pennsylvania Securities Commission can enjoin a broker's activities or subject it to criminal penalties, but the Pennsylvania statute grants a private remedy only against a buyer or seller, not against a broker. Therefore, the most analogous state action was not one under the Pennsylvania Securities Act but an action for common law fraud.

Similarly, in *Sharp,* plaintiff, purchaser of a limited partnership interest, brought a Rule 10b–5 action against the accounting firm which had prepared an opinion letter dealing with tax treatment of investors. The court, following *Biggans,* found that there could not have been an action under the Pennsylvania Securities Act because defendant was not the seller of the securities. The only state remedy being one for common law fraud, the court held the common law fraud period of limitations to be applicable.

In each of the above cases, the Court of Appeals concluded that where the state Blue Sky law would not provide the plain-

tiff with a cause of action for the relief requested but the common law would, it was the state common law limitations period which applied to the federal securities action.

Defendants attempted to distinguish these cases. First, defendants suggested that this plaintiff would not be barred from bringing a Pennsylvania Securities Act action in spite of the lack of privity because § 501 of the Act has a broad scope and remedial purpose.[1] However, Judge Sloviter, speaking for the court, has stated that § 501 provides the "*sole* source of *civil* liability" for violations of § 401 (the section modelled after § 10(b) of the 1934 Act), and that, "it only gives the seller or buyer the right to sue the person purchasing or selling the security." *Biggans, supra* at 609–10. Privity is required under the Pennsylvania Securities Act and there is no privity here.

■ Defendants also contended that plaintiff does not state a cause of action for common law fraud on these alleged facts. But it is not necessary to find that Pennsylvania courts would in fact permit plaintiff to recover for fraud; we must only determine that plaintiff's allegations reasonably state such a claim. *Biggans, supra* at 610; *Sharp, supra* at 192.

Defendants advanced three reasons why plaintiff has not stated a cause of action for fraud. First, such an action demands proof that is clear and convincing, *Snell v. Commonwealth of Pennsylvania, State Examining Board,* 490 Pa. 227, 229, 416 A.2d 468, 470 (1980); an action under § 10(b) must be proved only by a fair preponderance of the evidence. *See, Healey v. Catalyst Recovery of Pennsylvania, Inc.,* 616 F.2d 641, 648 n. 5 (3d Cir.1980). This distinction is of no significance here. It might bear on the policy

considerations in choosing an appropriate § 10(b) statute of limitations, *see, Roberts, supra* at 458, but that choice has already been made in this Circuit after a comparison of § 10(b) with relevant Pennsylvania statutory and common law remedies. That lack of privity precludes a private action under the Pennsylvania Securities Act was deemed determinative in holding the common law fraud limitations period applicable. *Biggans, supra* at 609–10; *Sharp, supra* at 192. Because the burden of proof affects not plaintiff's ability to get to trial but the standard to be applied at trial, it does not suggest retreat from the result reached in *Roberts, Biggans,* and *Sharp.*

Second, defendants argued that in a class action the statute of limitations for fraud is inappropriate because the Pennsylvania Supreme Court has stated that an action for fraud "is not generally appropriate for resolution in a plaintiff-class action," *Klemow v. Time, Inc.,* 466 Pa. 189, 197 n. 17, 352 A.2d 12, 16 n. 17, *cert. denied,* 429 U.S. 828, 97 S.Ct. 86, 50 L.Ed.2d 91 (1976). But the facts of a particular case sounding in fraud may sometimes support its certification as a class action. In *Sharp v. Coopers & Lybrand,* Order of February 19, 1976 (Docket Entry # 20, Civil Action No. 75–1313, E.D. Pa.), *aff'd in part and vacated in part on other grounds,* 649 F.2d 175, 192 (3d Cir. 1981), a Rule 10b–5 class action with one count stating a common law claim for fraudulent misrepresentations, certification of a class was held not to be an abuse of discretion.

Finally, defendants asserted that common law fraud requires proof of reliance but private Rule 10b–5 actions for "fraud on the market" and "omissions" do not. *Cf., Thomas v. Seamans,* 451 Pa. 347, 304 A.2d 134 (1973) and *Affiliated Ute Citizens v.*

---

1. Section 501 provides in relevant part:

(a) Any person who ... offers or sells a security in violation of sections 401, 403, 404 or otherwise by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading ... *shall be liable to the person purchasing the security from him ....*

(b) Any person who purchases a security in violation of sections 401, 403, 404 or otherwise by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading ... *shall be liable to the person selling the security to him ....*

(Emphasis supplied).

*United States,* 406 U.S. 128, 153, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972). In *Sharp,* the Court of Appeals stated that the "proper approach to the problem of reliance is to analyze the plaintiff's allegations, in light of the likely proof at trial, and determine the most reasonable placement of the burden of proof of reliance;" the court held that in the circumstances of that case plaintiffs were not required affirmatively to prove reliance as to misrepresentations or fraudulent omissions. *Sharp, supra* at 188–89. The court there nonetheless also held that where the defendant is not the seller, "a state securities action will not lie. The only remedy under state law would appear to be common law fraud ..." and that statute governed. *Id.* 192. We have accordingly held that the statute of limitations for common law fraud governs this action.

The statute of limitations for fraud in Pennsylvania is not clear. In 1976, the Pennsylvania Legislature revised the statutory periods of limitations for actions commenced after June 27, 1978.[2] Title 42 Pa.C.S.A. § 5524(3) mandates that actions "for taking, detaining or injuring personal property ..." be commenced within two years; 42 Pa.C.S.A. § 5527(6) provides that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by Section 5531 (relating to no limitation)," is subject to a limitation of six years.

The new Code does not explicitly state whether torts for injuring personal property include wrongs that are not physical or tangible. Some commentators have stated that the previous six-year limitation still controls as to fraud:

> ... [T]he statute is strangely ambiguous and too little time has elapsed since its enactment to have an appellate decision resolving the issue. The alternative to the 'catch-all' statute is the two year limitations period.... The oblique refer-

ence to injuries to personal property in § 5524(3) would seem to embrace only wrongful actions involving some physical or tangible impact. This view is reinforced by the fact that the legislature, ... did not make clear an intention to shorten the period for fraud. Comment, *Statute of Limitations Applicable to 10b–5 Actions Arising in Pennsylvania,* 53 Temple L.Q. 70, 81 (1980).

Fiebach & Doret, *A Quarter Century Later—The Period of Limitations for Rule 10b–5 Damage Actions in Federal Court Sitting in Pennsylvania,* 25 Vill.L.R. 851, 855–56 n. 26 (1980).

■ The Supreme Court of Pennsylvania has not decided the issue. Absent such authority, a federal court must predict how the State Supreme Court would decide the question were it confronted with it. In so doing, we accord the decisional law of lower state courts "proper regard" but not "conclusive effect." *Safeco Insurance Co. of America v. Wetherill,* 622 F.2d 685, 688 (1980), *citing McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 661 (3d Cir. 1980).

■ We have found one published state decision applying the Judicial Code's new limitation period with regard to fraud. In *Bickell v. Stein,* 291 Pa.Super. 145, 435 A.2d 610 (Pa.Super.1981), the Superior Court of Pennsylvania upheld the trial court's dismissal of an action for fraudulent misrepresentation and intentional interference with contractual relations because the action "was not commenced within the two-year period provided by the *applicable* statute, 42 Pa.C.S.A. § 5524(3) and (4) [waste or trespass of real property]." *Id.* 435 A.2d at 612 (emphasis added). The Superior Court did not discuss its reasons for deeming the two-year period to have been applicable.

However, the decision accords with the legislative policy in revising the statute of limitations. The Special Committee on the Judicial Code of the Pennsylvania Bar Association stated that

---

**2.** This action was filed March 11, 1981 but alleges liability for conduct beginning in No-    vember, 1977.

periods applicable to conversion of or injury to personal property and waste or trespass to real property are reduced from six to two years to conform to the modern principle that claims based on conduct, and hence heavily relying on unwritten evidence, should have relatively short statutes of limitations, so as to bring them to trial (after allowance for trial delays) before memories have faded.

Special Committee on the Judicial Code of the Pennsylvania Bar Association, Explanatory Memoranda Relating to the Proposed Judicial Code 17 (1973). Sometimes representations alleged to have been fraudulent are written but often they are oral. Whether or not the representations themselves were in writing, proof of reliance generally depends upon the plaintiff's memory of the defendants' conduct and the reaction to such conduct. Proof of the elements of fraud may present even more problems of lapsed memory than proof of physically-manifested torts; this suggests that the Legislature intended to place fraud in the same category as such torts. We are persuaded that the limitations period for fraud in Pennsylvania is now two years.

■ The final question was whether after applying the two-year limitations period for common law fraud to the plaintiff's securities action, defendants were entitled to summary judgment. A cause of action under § 10(b) "accrues when the aggrieved party has either actual knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Vigman v. Community National Bank & Trust Co.,* 635 F.2d 455, 459 (5th Cir.1981). Due diligence is, of course, a "reasonable man" standard. C. Wright & A. Miller, *Federal Practice and Procedure,* § 2729, at 560 (1973); therefore, when the plaintiff should have known of alleged violations would ordinarily be resolved by the jury. *See e.g., Sharp v. Coopers & Lybrand,* 491 F.Supp. 55, 56 n. 2 (E.D.Pa.1980), *aff'd in part and vacated in part on other grounds,* 649 F.2d 175 (3d Cir.1981); *Guarantee Bank v. Laventhal, Krekstein, Horwath & Horwath,* No. 75–1842 (E.D.Pa. October 3, 1975), Slip Op. at

10. *See also, Goodman v. Mead Johnson & Co.,* 534 F.2d 566 (3d Cir.1976) (issue of due diligence to be resolved by jury in context of products liability limitations question).

■ Defendants' summary judgment motion could have been granted only if the date by which plaintiff had actual knowledge or notice of facts imputing knowledge was clear as a matter of law. Summary judgment may not be granted where conflicting inferences can be drawn from the facts. *See e.g., Buder v. Merrill Lynch, Pierce, Fenner & Smith,* 644 F.2d 690 (8th Cir.1981); *Robertson v. Seidman & Seidman,* 609 F.2d 583, 591 (2d Cir.1979).

■ In this case, defendants attempted to establish that plaintiff should have known of any violation as early as November 29, 1977, the date of issuance of one of the Trust's Quarterly Reports (Docket Entry # 16, Affidavit by Christopher Crowley with 34 exhibits attached). However, apart from a number of reports in the business press, *see e.g.,* Exhibit 1, defendants relied most heavily on plaintiff's actual or imputed knowledge because defendants sold their own Trust shares on July 10, 1979 and plaintiff knew or must have known about it. "Any dark scheme which plaintiff attributes to defendants was indisputably over at that date, and the publicity about the sale was notice of the key fact in plaintiff's claim—that defendants had sold their Trust shares for a profit." Defendants' Brief at 66. But since the relevant limitations period is two years, plaintiffs are barred from suit only if there were disclosure before March 11, 1979 (two years prior to suit). The defendants' July, 1979 sale of their own shares does not imply that plaintiff knew or should have known anything prior to March 11, 1979.

Defendants also pointed to the significant increase in the price of the REIT's stock during the first three months of 1979. But even if this price rise put plaintiff on constructive notice, this complaint would still have been filed less than two years from the end of that period. The inferences to be drawn from the evidence referred to by

defendants are just not sufficiently clear to take the issue away from a jury as a matter of law. Defendants' motion for summary judgment on the ground the action is time barred was therefore denied without prejudice to the entry of judgment for defendants if a jury should find in response to specific interrogatories, that plaintiff knew or should have known of the material facts on which liability is based on or before March 11, 1979.