**Anna SARIEGO, Plaintiff,**

v.

**GERBER PRODUCTS COMPANY and Travelers Insurance Company, Defendants.**

No. 83-1257.

United States District Court, E.D. Pennsylvania.

Sept. 29, 1983.

Jeffrey M. Seiken, Feasterville, Pa., for plaintiff.

Andrew A. Borek, Philadelphia, Pa., for Gerber Products Co.

Michael Saltzburg, Philadelphia, Pa., for Travelers Ins. Co.

## MEMORANDUM AND ORDER

O'NEILL, District Judge.

The complaint in this action was filed in March of 1983 by Mrs. Anna Sariego against her deceased husband's former employer, Gerber Products Company ("Gerber"), and the Travelers Insurance Company ("Travelers"), which provided employee group life insurance for Gerber. Defendant Gerber has moved to dismiss on the ground that the action against it is barred by the statute of limitations. The motion will be granted for the reasons set forth herein.

On a Motion to Dismiss, the facts alleged by the plaintiff must be taken as undisputed. These facts are that the plaintiff's late husband, Joseph Sariego, left his work at Gerber on sick leave on August 26, 1975. He stayed on sick leave until March 27, 1976, when he went on total and permanent disability. Mr. Sariego had intended to retire on March 19, 1976, but was advised to take permanent disability instead by Donald Potter, Gerber's Employee Relations Counselor.

According to the complaint, the Sariegos had two years from the time Mr. Sariego took disability, March 26, 1976, to convert Mr. Sariego's employee's group life insurance policy to a permanent form of life insurance. This group life insurance policy for Gerber employees was provided by Travelers. Unfortunately, on October 2, 1977, before the two year conversion period had passed, Mr. Sariego died. After her husband's death, Mrs. Sariego applied to receive her husband's life insurance benefits under the group life insurance policy. In November of 1977, Travelers informed Mrs. Sariego "that she would not be paid under her husband's policy." (Paragraph 22 of the Amended Complaint).

The complaint consists of two counts; the first against Travelers, the second against Gerber. Count II against Gerber is based on what is alleged to have been incorrect advice and information by Donald Potter. The complaint alleges that, as a result of reliance upon Mr. Potter's advice, the deceased took permanent disability rather than early retirement, and that it was this course of action by the deceased that led Travelers to treat the deceased's policy as having lapsed before the insured's death.

The gravamen of this complaint against Gerber is the negligent giving of incorrect advice or, perhaps, fraudulent misrepresentations.[1] In either case, the appropriate statute of limitations under Pennsylvania law (which all parties admit is controlling) is the two-year limitation found in 42 Pa.C.S.A. § 5524(3). That subsection provides that a two year limitations period is applicable to:

> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

Under Pennsylvania law, this provision is applicable to actions for fraudulent misrepresentation and for the giving of negligent advice: *Tenney v. Dauphin Deposit Bank & Trust Co.*, 448 A.2d 1073, 302 Pa.Super. 342 (Pa.Super.1972); *Bickell v. Stein*, 435 A.2d 610, 291 Pa.Super. 145 (Pa.Super. 1981). See also our colleague Judge Shapiro's opinion in *Flickinger v. C.I. Planning Corp.*, 556 F.Supp. 434 (E.D.Pa.1982).

In *Tenney, supra,* the Superior Court of Pennsylvania held that 42 Pa.C.S.A. § 5524(3) barred an action against a bank by a developer for the giving of negligent financial advice. In *Bickell, supra,* the Superior Court applied § 5524(3) to an action for fraud and contract interference in a suit by the purchaser of an apartment building against his vendor alleging that the vendor made misrepresentations about the building's structural soundness. The Court analyzed the two causes of action separately, and held that both were barred by the two-year limitations period. In *Flickinger,* Judge Shapiro said, (when discussing *Bickell,* 556 F.Supp. at 438): "The Superior Court did not discuss its reasons for deeming the two-year period to have been applicable. However, the decision accords with the legislative policy in revising the statute of limitations.... [That policy is] 'to conform to the modern principle that claims based on conduct, and hence heavily relying on unwritten evidence, should have relatively short statutes of limitations, so as to bring them to trial (after allowance for trial delays) before memories have failed'." *Id.* at 439 [Judge Shapiro's quote is from the Special Committee on the Judicial Code of the Pennsylvania Bar Association, Explanatory Memoranda Relating to the Proposed Judicial Code 17 (1973) ].

Judge Shapiro's analysis of 42 Pa.C.S.A. § 5524(3) and of *Bickell v. Stein, supra,* led her to hold that the Pennsylvania limitations period for misrepresentation is two years (which she then applied to an action under § 10(b) of the 1934 Securities Exchange Act, in which the state limitation period for common-law fraud is to be borrowed). Based on the same analysis of § 5524(3) and its policies, and based on our review of *Tenney v. Dauphin Deposit Bank & Trust Co., supra,* we hold that the two-year limitation period applies to Mrs. Sariego's action against Gerber, whether it is viewed as an action for negligent advice or for fraud.

The last possible operative date for the accrual of Mrs. Sariego's action against Gerber is November of 1977, the time when Mrs. Sariego alleges that Travelers informed her that she would not be paid under her husband's policy. At the time of filing of this action in March of 1983, the two-year period had long passed, and, accordingly, the action against Gerber is barred.

### ORDER

AND NOW, this 29th day of Sept., 1983, after oral argument of defendant Gerber Products Company's motion to dismiss, it is

---

1. It is unlikely that the complaint can properly be read as alleging fraud.

ORDERED that the said motion is GRANTED.

It is further ORDERED that:

1. All discovery shall be completed by October 28, 1983.

2. Any pretrial motions and supporting briefs shall be filed on or before October 31, 1983.

3. Trial is set for November 1, 1983, at 10 A.M. in Courtroom 14B.