839 So.2d 890 (2003)
BETA REAL CORPORATION, etc., Appellant,
v.
Lawrence GRAHAM, Appellee.
No. 3D02-2105.
District Court of Appeal of Florida, Third District.
March 12, 2003.
*891 Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Warren Kwavnick, Fort Lauderdale, for appellant.
Steel, Hector & Davis and Edwin G. Torres and Andre J. Zamorano and Digna B. French, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and WELLS, JJ.
SCHWARTZ, Chief Judge.
The appellee Lawrence Graham is a British law firm from which one of its partners, Michael Fielding, allegedly stole $9,000,000.00. The appellant Beta Real Corporation is a British Virgin Islands corporation controlled by Fielding to which he allegedly fraudulently transferred some $1.4 million dollars which now resides in the corporation's name in a Florida bank account and $675,000.00 which is now represented by a Miami-Dade County condominium titled in the corporation's name but where Fielding and his wife now live. This appeal claims error in the denial of a motion to dismiss for lack of jurisdiction that part of the firm's complaint which asserts an in personam claim for money damages against the corporation. We reverse.
In this case, in which substituted service of process was attempted against Beta Real Corporation through the Secretary of State, the only arguable basis of in personam jurisdiction is section 48.193(1)(b), Florida Statutes (2002), which provides that jurisdiction when the defendant has committed a "tortious act within this state." Since the appellant is charged only as an alleged recipient of fraudulent conveyances,[1] we must therefore decide the issue finessed in Dinn v. Haynes, 705 So.2d 686 (Fla. 4th DCA 1998), cause dismissed, 709 So.2d 537 (Fla.1998), as to whether such a transferee has committed a "tortious act" within the meaning of the substituted service statute. For the reasons stated and on the basis of the authorities collected in Federal Deposit Insurance Corp. v. S. Prawer & Co., 829 F.Supp. 453 (D.Me.1993), we adopt the majority view that they are not.[2]Accord United States v. Neidorf, 522 F.2d 916 (9th Cir.1975), cert. denied, 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976); Desmond v. Moffie, 375 F.2d 742 (1st Cir.1967)(finding fraudulent conveyance claim under Massachusetts *892 Uniform Fraudulent Conveyance Law not to be a tort for purposes of choosing appropriate statute of limitations); Wortley v. Camplin, No. 01-122-P-H, 2001 WL 1568368 (D.Me. Dec. 10, 2001); Federal Deposit Ins. Corp. v. Hinch, 879 F.Supp. 1099 (N.D.Okla.1995); Branch v. Federal Deposit Ins. Corp., 825 F.Supp. 384 (D.Mass.1993)(finding fraudulent conveyance claim not to be a tort claim for purposes of the Federal Tort Claims Act); Federal Deposit Ins. Corp. v. Martinez Almodovar, 671 F.Supp. 851 (D.Puerto Rico 1987)(finding fraudulent conveyance claim not to be a tort for purposes of choosing appropriate statute of limitations); United States v. Franklin Nat'l Bank, 376 F.Supp. 378 (E.D.N.Y.1973).[3] Contra In re Morse Tool, Inc., 108 B.R. 384 (Bankr.D.Mass.1989)(underlying basis of fraudulent conveyance action not necessarily contractual); In re Penn Packing Co., 42 B.R. 502 (Bankr.E.D.Pa.1984)(fraudulent conveyance act claim a tort for purposes of choosing Pennsylvania statute of limitations); Summers v. Hagen, 852 P.2d 1165 (Alaska 1993).
Hence, we reverse the order under review and remand for further proceedings, including the prosecution of the admittedly proper assertions of in rem or quasi in rem jurisdiction by imposing a constructive trust, equitable lien, or similar remedy upon allegedly fraudulently transferred monies held by Beta Real Corporation in Florida real and personal property.[4]Tabet v. Tabet, 644 So.2d 557 (Fla. 3d DCA 1994); see Castillo v. Vlaminck de Castillo, 701 So.2d 1198 (Fla. 3d DCA 1997); Escudero v. Hasbun, 689 So.2d 1144 (Fla. 3d DCA 1997); ITT Community Development Corp. v. Barton, 457 F.Supp. 224 *893 (M.D.Fla.1978)(permitting injunction against transfer).
Reversed.
NOTES
[1] The allegations that the appellant engaged in a "conspiracy" with Fielding does not change the legal situation. 10 Fla. Jur.2d Conspiracy  Civil Aspects § 2, at 330-31 (1997).
[2] We find no merit whatever to the appellee's alternative contention that this action arises out of the ownership of the transferred property so as to confer jurisdiction under section 48.193(1)(c), Florida Statutes (2002).
[3] As the court stated in that case:

The New York Debtor and Creditor Law,... which adopts verbatim the Uniform Fraudulent Conveyance Act, does not confer upon the creditor a right of action in tort against the grantee.... [T]he New York Court of Appeals, when faced with a complaint very similar to that before us in the instant case, held that the gravamen of the complaint was an action in equity to set aside the fraudulent conveyance. The fact that the complaint alleged actual intent on the part of the debtor to evade the creditor did not transform the complaint into an action to recover on the ground of actual fraud. Surely, the court stated the action is not one for actual fraud where a complete cause of action may be stated by a showing of the bare facts of a voluntary conveyance resulting in insolvency. Such a conveyance is but one of the two kinds which are deemed fraudulent by the operation of the statute. Both kinds are simply acts which are voidable at the behest of a creditor as a result of the statutory declaration. Whichever pattern the debtor may choose, the relief sought by the creditor is the same; to undo the transfer of title so as to bring within the ambit of execution those assets upon which the creditor is rightly entitled to levy. The fraud, such as it is, is only incidental to the right of the creditor to follow the assets of the debtor and obtain satisfaction of the debt. The gravamen of the cause of action in the case at bar is the ordinary right of a creditor to receive payment; this right has been implemented by the protection of legislation concerning the circumstances under which the creditor may avail himself of assets which the debtor has transferred to others.
United States v. Franklin Nat'l Bank, 376 F.Supp. at 381.
[4] In a sense, the availability of these remedies may indicate the relative insignificance of our holding of no in personam jurisdiction. This is because, even if there were such jurisdiction, the damages substantively recoverable against the alleged fraudulent transferee could not exceed the amounts traceable to the theft and thus recoverable in rem or quasi in rem. See Summers, 852 P.2d at 1165; McElhanon v. Hing, 151 Ariz. 386, 728 P.2d 256 (Ariz.App.1985), aff'd in part, vacated in part, 151 Ariz. 403, 728 P.2d 273 (1986), cert. denied, 481 U.S. 1030, 107 S.Ct. 1956, 95 L.Ed.2d 529 (1987).