435 A.2d 610

**John G. BICKELL, Appellant,**

v.

**Harold STEIN, Frank Ciccarone, indv. and t/a Town and Country Realtors, Elmer Resnick, and Woodbine Park Apartments, Inc.**

Superior Court of Pennsylvania.

Argued Feb. 18, 1981.

Filed Sept. 25, 1981.

Robert M. Reibstein, Narberth, for appellant.

Barry M. Miller, Norristown, for Stein, appellee.

Douglas Breidenbach, Norristown, for Ciccarone, appellee.

Howard B. Zavodnick, Philadelphia, for Resnick, etc., appellees.

Before PRICE, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

This is an appeal from an Order sustaining appellee, Frank Ciccarone's preliminary objections and demurrer to the second amended complaint of appellant, John Bickell. The court below dismissed the complaint because the statu-

tory limitation had run as to both causes of action against him. We affirm the Order for the reasons stated below.

On June 21, 1974, appellant bought an apartment building from Woodbine Park Apartments, Inc. (hereinafter, "Seller"). Negotiations leading to the agreement of sale were handled through the agency of appellee, who acted as Seller's real estate broker, and Harold Stein, whom appellant had retained under an exclusive agency contract to find properties for investment. Stein was entitled under his contract to a finder's fee of 6%. However, he was not a licensed broker and therefore not legally qualified to share in a regular real estate commission.

On November 19, 1979, appellant commenced the present action against appellee, Stein, Seller, and Seller's president and majority shareholder, Elmer Resnick. The first cause of action alleges that appellee and Seller caused Stein to make fraudulent representations to appellant about the property's structural soundness and profitability, in return for a share of the commission appellee would receive from Seller if appellant purchased the property. The second cause of action alleges that appellee and Seller intentionally interfered with the contractual relations of exclusive agency between Stein and appellant.[1] Finally, the complaint alleges that appellant did not discover the fee-splitting agreement between appellee and Stein until April 15, 1978.

Appellee raised the statute of limitations as a preliminary objection in the nature of a demurrer,[2] asserting that the

1. With respect to Resnick and Seller the suit has been settled and discontinued. Stein and Ciccarone filed separate preliminary objections. The third count of the complaint alleges that Stein breached his fiduciary duty to act exclusively for Bickell by entering into the fee-splitting agreement with Seller's agent, by making knowing misrepresentations about the property for the purpose of inducing Bickell to buy it, and by persuading Bickell not to inspect the property.

2. Although appellant has not raised the following issue, we wish to observe that the statutory limitation applicable to actions for trespass (42 Pa.C.S.A. § 5524) is a waivable defense, and that it therefore should not be raised by Preliminary Objection. Pa.R.C.P. 1017(b)(4). Rather, it should be raised under New Matter. Pa.R.C.P. 1030. In the interest of economy we will nevertheless reach the merits where,

alleged fraud and interference occurred prior to the date of sale, and that the present action was not commenced within the two-year period provided by the applicable statute, 42 Pa.C.S.A. § 5524(3) and (4).

After a hearing the court below sustained appellee's demurrer, because ...

> the only fact in the record of this case to support plaintiff's claim that the Statute of Limitations should be tolled is his bare allegation in the complaint that "He did not discover the existence of the aforementioned fee-splitting agreement until on or about April 15, 1978. *The burden of proving that the Statute should be tolled is not supported by facts in the record.* (Opinion below at pg. 3; emphasis supplied.)

Appellant contends first that the lower court erred in determining that the statutory limitations on his causes of action against appellee had expired.

Initially we note the applicable standard of review, as expressed in *Donnelley v. DeBourke,* 280 Pa.Super. 486, 489–490, 421 A.2d 826, 828 (1980) (citations omitted):

> [W]hen considering preliminary objections in the nature of a demurrer, we accept as true all well-pleaded material facts in the complaint, as well as all inferences reasonably deducible therefrom. ... [P]reliminary objections should be sustained and a complaint dismissed only in cases that are clear and free from doubt, i. e., it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff.

■ Next, we note that as a general rule the start of the statutory limitation on an action in tort may be delayed by plaintiff's ignorance of his injury and its cause, until such time as he could or should have discovered it by the exercise

as here, the limitation issue was briefed and argued below, and appellee's right to judgment on the pleadings should be clear once the statutory limitation was raised under New Matter. *Donnelley v. DeBourke,* 280 Pa.Super. 486, 491, 421 A.2d 826, 828 (1980); *Cooper v. Downington School District,* 238 Pa.Super. 404, 357 A.2d 619, 621 (1976).

of reasonable diligence. *Lewey v. Fricke Coke Co.*, 166 Pa. 536, 31 A. 261 (1895); *Anthony v. Koppers Co., Inc.*, 284 Pa.Super. 81, 425 A.2d 428, 431–435 (1981) (and cases cited therein); *Gee v. CBS, Inc.*, 471 F.Supp. 600, 617 (E.D.Pa., 1979).

The plaintiff has the burden of justifying any delay beyond the date on which the limitation would have expired if computed from the date on which the acts giving rise to the cause of action allegedly occurred. He must allege and prove facts which show that he made reasonable efforts to protect his interests and which explain why he was unable to discover the operative facts for his cause of action sooner than he did. *Patton v. Commonwealth Trust Co.*, 276 Pa. 95, 99, 119 A. 834 (1923). Where the facts are neither disputed nor close, the decision on reasonableness is made by the court as a matter of law, instead of by the jury as a matter of fact. *A. J. Aberman, Inc. v. Funk Building Corp.*, 278 Pa.Super. 385, 420 A.2d 594 (1980).[3]

As to the action for fraud, appellant alleges that he was told the apartment building was structurally sound and would yield a certain profit, but that in fact the roof and structure were seriously defective, nor was the rental income enough to realize a profit. These are facts which

---

**3.** Appellee cites *Smith v. Blachley*, 198 Pa. 173, 179, 47 A. 985 (1901) and *Turtzo v. Boyer*, 370 Pa. 526, 528, 88 A.2d 884 (1952) for the proposition that in actions for fraud, the statutory limitation may only be tolled by proof of "fraudulent concealment" of the original fraud. The doctrine of fraudulent concealment appears somewhat narrower than the discovery rule, because it requires a showing that defendant himself prevented plaintiff from discovering the facts by acts of deception which were independent of the acts giving rise to cause of action. However, the doctrine of fraudulent concealment has been relaxed considerably with regard to the deceptive intent of defendant's acts and their independence of the underlying, operative facts (*see Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 204 A.2d 473 (1952); *Schwab v. Cornell*, 306 Pa. 536, 106 A. 449 (1932); *Gee v. CBS, Inc.*, 471 F.Supp. 600, 617–634 (E.D. Pa., 1979); *Hedges v. Primavera*, 218 F.Supp. 797 (E.D. Pa., 1963)), so that the practical difference between the two rules is much reduced. Furthermore, *Smith* and *Trutzo* are reconcilable with the discovery rule, because both are cases in which the court observed that the fraud was obvious or easily discoverable by a prudent individual.

appellant was in a position to discover as soon as he came into possession of the property and the account books. Yet the complaint does not state when or how appellant became aware of the building's alleged defects. No facts are alleged which show that appellant exercised due diligence in protecting his interests. There are no allegations which show that the operative facts were impossible to discover despite the exercise of due diligence. Appellant's awareness of the building's condition and profitability did not depend in any way on discovery of the fee-splitting agreement. Therefore, the complaint's first count was clearly insufficient on its face to justify tolling the statutory limitation, and it was not necessary to submit the question of appellant's diligence to a jury.

■ The same conclusion applies to the second count for contractual interference. Upon discovery of the alleged misrepresentations, due diligence would have dictated inquiries that could have led to discovery of the fee-splitting agreement. Yet appellant does not allege that he made any inquiries whatever.

■ Appellant next contends that the lower court erred when it refused to extend the statutory limitation in order to relieve "fraud or its equivalent." 42 Pa.C.S.A. § 5504(b). However, appellant does not allege sufficient facts to show the existence of "fraudulent concealment" or otherwise justify the extension, which may not be granted as a "matter of indulgence."

■ Next, appellant contends that the lower court committed error by spontaneously raising the issue of *res judicata*. The lower court took notice of an opinion in the Delaware County Court of Common Pleas, which Seller attached to its Answer in the present action. Said opinion denied appellant's petition to open judgment after judgment was confessed against him for defaulting on the mortgage which Seller had taken back pursuant to the agreement of sale. However, the lower court did not decide that appellant's present action was *res judicata*. The lower court only

looked on the Delaware County opinion as "evidence that plaintiff was or should have been aware of his legal rights long before November of 1979."

Finally, appellant asserts that the lower court erred in declining to rule on the other preliminary objections which appellee raised. We agree with the lower court that the limitations issue is dispositive.

Accordingly, the lower court's order of July 30, 1980, is hereby affirmed.

PRICE, J., did not participate in the consideration or decision of this case.