## Leech v. Wilkinson Match

*John J. Petrush,* for plaintiff.
*James A. McGregor* and *Nick Francalancia,* for defendant.

KUNSELMAN, *J.,* June 1, 1983—This matter is presently before the court on plaintiff's motion to amend her complaint which was filed on May 11, 1983.

Plaintiff was injured in an accident which occurred on May 16, 1980 involving a power lawn mower. On April 30, 1981, plaintiff filed a complaint in trespass against defendant, alleging that her injuries resulted from defendant's manufacturing and supplying of a defective power mower.

The averments in the original complaint set forth the alleged defective condition of the mower as follows:

"10. At the time and place of such events, the aforesaid power mower was in a defective condition which rendered it dangerous to the user, in one or more of the following particulars:

(a) It was not equipped with a blade-rotation control system or device of the 'deadman switch' type.

(b) It was not equipped with a blade-rotation control system or device on the mower handle which required continuous pressure from the operator to sustain rotation of the cutting blades.

(c) It was not equipped with a blade-rotation control system or device which would cause the blade to stop moving within a few seconds after the operator released the blade-actuation control.

(d) It was not equipped with a blade disengagement system which would permit the operator to stop the cutting blade from rotating while letting the engine run.

(e) It was not equipped with a permanent or nondetachable shield at the discharge chute which was sufficient to prevent a person's foot from entering the path of the moving blade."

Plaintiff desires to amend the complaint to include a claim for punitive damages. Plaintiff avers that a claim for punitive damages was not included in the original complaint because plaintiff's counsel did not have available sufficient information on which to predicate a request for punitive damages.

Plaintiff claims that she has since procured sufficient information on which to base such a claim.

The proposed amendment would include averments that defendant failed to perform adequate safety testing, failed to incorporate known safety devices, and failed to recall from public use a product lacking such known safety devices, despite having knowledge of the dangerous condition of such product.

The proposed amendment also includes an averment that punitive damages are recoverable because the above mentioned conduct of defendant was in conscious disregard or reckless indifference toward the bodily safety of users of Jacobsen rotary blade power mowers of the type here involved and such conduct was, therefore, outrageous.

We recognize, as do both parties, that Rule 1033 of the Pennsylvania Rules of Civil Proceedure and case law provide for liberality in the amendment of pleadings, so as to secure the determination of cases on their merits whenever possible. Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764 (1965)

Although Rule 1033 provides that "the amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense", it is clear that an "amendment which seeks to introduce a new cause of action after the statute of limitations has run is prejudicial to a defendant and is not permitted." Bellefonte School District v. Modernfold, 24 D&C 3d 303, 305 (1981), citing Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A.2d 914 (1974).

The question is whether or not the proposed amendment to the complaint constitutes a new cause of action.

Plaintiff relies upon Schneider v. Chalfonte Builders, Inc., 11 Bucks Co. L. Rep. 122 (1961) as authority for her position that the proposed amendment is merely a change in the amount of damages claimed. Plaintiff maintains that the proposed amendment amplifies those facts averred in the original complaint and does not change the cause of action.

We disagree and adopt the rationale of President Judge Brown of Centre County in Bellefonte. Judge Brown said,

"although punitive damages may be a mere incident to a cause of action as was pointed out in Hilbert v. Roth; 395 Pa. 270, 149 A.2d 648 (1959), we are not dealing with a simple amendment to an ad damnum clause. What we are dealing with in' this case is the amendment of the complaint in order to add the necessary factual averments which would permit the recovery of punitive damages. . . ." Bellefonte, pp. 306-307

Judge Mannix of our court was faced with the issue presently before us in the case of Bennett v. Davison and Rochester Federal Savings and Loan Association, 39 B.C.L.J. 179 (1981). Bennett involved a proposed amendment to the complaint which would add a claim for punitive damages under the Pennsylvania No-fault Act. 40 P.S. §1009.301 (A) (3).

In discussing the issue of whether or not the proposed amendment requesting punitive damages made after expiration of the statute of limitations was merely an amplification of the original complaint or introduced a new cause of action, Judge Mannix stated that,

"Because of the deficiencies of plaintiff's original complaint, once the statute of limitations expired, any amendment pertaining to a claim for punitive

damages, or allegations of fact necessary to sustain such a claim, would constitute the introduction of a new cause of action after the statute of limitations had run, thereby seriously prejudicing the rights of defendants." Bennett, p. 182.

We agree with plaintiff and that Pennsylvania law authorizes the award of punitive damages in products liability cases. But, in order to recover such punitive damages, one must allege and prove that the defendant acted outrageously. The standard for awarding punitive damages is that the defendant conducted himself "willfully, maliciously or so carelessly as to indicate wanton disregard of the rights of the party injured." Neal v. Carey Canadian Mines Ltd., 548 F. Supp. 357 (E.D., Pa. 1982).

A comparison of the averments contained in the original complaint with those sought to be added by the proposed amendment makes it clear that no allegations of willful or malicious conduct, or conduct indicating a wanton disregard of the rights of the injured party appear in the original complaint. Therefore, we conclude that the averments contained in the proposed amendment would constitute a new cause of action based on facts not alleged in the original complaint and which cannot be considered a simple amplification of facts which have already been plead. We also conclude that, since the statute of limitations has run, such an amendment would be prejudicial to defendant and will not be permitted.

While not specifically arguing that the statute of limitations on the punitive damage claim should be tolled, plaintiff did allege that the claim was not included in her original complaint because she did not have sufficient information available upon which to predicate such a claim. She further alleges that such information is now available as a result of ex-

tensive discovery. However, these allegations are insufficient to permit a delay in the start of the limitation period or the claim.

This is for the reason that it is plaintiff's burden to allege and prove facts which would justify such a delay. This burden includes a showing that she made reasonable efforts to protect her interest and of facts which explain why she was unable to discover the operative facts for her cause of action any sooner than she did. See Bickell v. Stein, 291 Pa. Super. 145, 435 A.2d 610 (1981). Plaintiff was in a position to undertake extensive discovery much easier because the complaint was filed more than a year before the limitation period ran. There is no allegation that the operative facts were impossible to discover even if she had undertaken discovery any earlier. Therefore, the motion to amend, on its face, is insufficient to justify the tolling of the limitation period.

## ORDER

And now, this June 1, 1983, for the reasons set forth in the foregoing opinion, the rule issued by court on May 11, 1983 is hereby discharged and plaintiff's motion for leave to amend the complaint is hereby denied.