## Liba v. Colony Square Builders

*Samuel J. Orr, III,* for plaintiffs.
*Nick Francalancia,* for defendant.
*Robert S. Garrett,* for additional defendant.

KUNSELMAN, *J.,* October 17, 1983—By order of August 22, 1983, we discharged the rule to show cause why plaintiffs should not be permitted to file an amended complaint naming the Borough of Economy as an original defendant. Plaintiffs have filed an appeal to the Commonwealth Court and pursuant to Rule 1925(A) of the Pennsylvania Rules of Appellate Procedure, we hereby set forth our reasons for entering the above order. We observe, however, that we believe that the appeal should have been filed with the Superior Court.

The pertinent facts are set forth as follows: On June 5, 1980, plaintiffs filed an action in assumpsit and trespass against Colony Square Builders, Inc., original defendant herein. The complaint alleged that Colony Square improperly installed a septic system on plaintiffs' property; that the property was purchased from Colony Square in July of 1976; and, that difficulties with the septic system developed

"almost immediately after transfer of the property."

On August 4, 1980, Colony Square filed an answer and new matter pleading therein that it had relied upon Economy Borough's approval of the sewage disposal system. On the same day, Colony Square filed a praecipe to join the borough as an additional defendant.

Colony Square filed a petition in bankruptcy on February 6, 1981 and was discharged on April 27, 1983. Colony Square raised such discharge in bankruptcy as an affirmative defense to the complaint in its amended answer. On May 23, 1983, additional defendant Economy Borough served original defendant Colony Square with a rule to file a complaint or suffer a judgment of non pros.

Plaintiff, seeking to prevent the borough from securing a judgment of non pros in its favor, filed the aforementioned motion for rule to show cause why it should not be permitted to file an amended complaint naming the borough as an original defendant.

Economy Borough's objection to the filing of an amended complaint naming it as an original defendant is twofold. First, the borough contends that plaintiffs have no standing or right to file a complaint against it as an additional defendant in this action. Second, the borough claims that the applicable statute of limitations bars any direct action by plaintiffs against the borough at the present time.

Rule 2255(b) of the Pennsylvania Rules of Civil Procedure provides as follows:

"No pleadings shall be filed between the additional defendant and any party other than the one joining him except that the additional defendant may file a counter-claim against the plaintiff."

It has been held that the plain mandate of the rule denies to all, except defendant and additional defendant, the right to file any pleading respecting ad-

ditional defendant's joinder in this action. Mullarkey v. Lower Bucks County Hospital, 49 D.&C. 2d 90, 94-95 (1970).

Notwithstanding this, plaintiffs, citing Standard Pennsylvania Practice 2d §14:205, argue that Rule 2255(b) was designed to prevent the issues in a case from becoming unduly complicated by multiple pleadings between a plaintiff and a third-party defendant. Because original defendant has the absolute affirmative defense of its discharge in bankruptcy, there is no incentive for it to file pleadings against additional defendant. As a result, the pleadings by plaintiffs against additional defendant will be the only pleadings filed and, thus, there will be no multiple pleadings which complicate the issues as contemplated by the drafters of Rule 2255. For this reason, plaintiffs take the position that it is unreasonable to apply the rule in the instant case.

We are not persuaded by this argument. While the concern for the proliferation of pleadings may not present itself in the instant case, we are reluctant to disregard the clear mandate of Rule 2255(b), particularly in view of the absence of authority for doing so. Instead, we are guided by Rule 127(b) of the Pennsylvania Rules of Civil Procedure which provides that:

"Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Even if we concluded that plaintiffs have standing to file a complaint against Economy Borough, the statute of limitations now bars any direct action against the borough.

The power of the courts to order joinder of additional parties is limited by the applicable statute of

limitations. Martier v. Equitable Gas Company, 42 D.&C.2d 572 (1967). An amendment designed to substitute another and distinct party as a defendant after the limitation period has expired is not permitted. Paulish v. Bakaitis, 442 Pa. 434, 275 A.2d 318 (1971).

Notwithstanding this rule, plaintiffs allege that, to deny them permission to amend their complaint to plead a cause of action against the borough would work an injustice. This is for the reason that original defendant to which they originally looked for relief is now bankrupt and the borough, which had been joined and had notice of the action in 1980 would thereby be relieved from liability to them on a "pleading technicality." What plaintiffs are really asking the court to do is to permit a delay in the start of the limitation period on their claim against the borough and thereby avoid the "injustice."

However, in order to justify a tolling of the limitations period, plaintiffs must allege and prove facts which would justify such a delay. This burden includes a showing that they made reasonable efforts to protect their interest. See Bickell v. Stein, 291 Pa. Super. 145, 435 A.2d 610 (1981). Plaintiffs have failed to allege such a showing. At most, the pleadings disclose mere mistake, misunderstanding or lack of knowledge on the part of plaintiffs for their failure to timely file a claim against the borough. These are insufficient reasons to toll the running of the limitation period, unless the borough did something to affirmatively mislead or preclude plaintiffs from learning that a cause of action might have existed against it. Dunar v. Furman, 29 Bucks Co. L. Rep. 59 (1976).

For the foregoing reasons, our order of August 22, 1983 was entered.