Stanley S. SMITH and Mary E. Smith, et al.

v.

CAREY CANADIAN MINES, LTD., et al.

Civ. A. No. 80–447.

United States District Court, E.D. Pennsylvania.

May 2, 1985.

Lawrence D. Levin, Shor, Levin & Weiss, Philadelphia, Pa., for plaintiffs.

Fredric L. Goldfein, Ominsky, Joseph & Welsh, P.C., Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Defendants in this asbestos case have moved for summary judgment[1] as to fourteen of the plaintiffs, on the ground that those plaintiffs' claims are barred by the statute of limitations. Each of the relevant plaintiffs is suing as the administrator or administratrix of the estate of a spouse or parent who allegedly died from asbestos-related disease. All fourteen have brought both wrongful death and survival claims. The fourteen decedents, and the dates on which they died, are as follows:

| | |
|---|---|
| William Henry Butts | November 4, 1976 |
| Mùriel Schantz | July 3, 1964 |
| William P. Johnson | August 20, 1965 |
| Max Bolton | February 6, 1970 |
| John Bowmon | September 10, 1970 |
| Harry Brower | December 5, 1973 |
| Matthew Alfred Carrithers | October 25, 1962 |
| Brunson D. Clary | October 26, 1973 |
| Roger J. McFadden | September 12, 1974 |
| Onofrio Santangelo | November 11, 1966 |
| John Albert Waters | June 17, 1974 |
| Ronald W. Wilmer | May 6, 1960 |
| Grady Simmons | December 15, 1971 |
| Sullivan Palatucci | October 27, 1976 |

The complaint in this case was filed on December 26, 1979.[2]

### I.

The Pennsylvania statute of limitations currently in force provides:

> The following actions and proceedings must be commenced within two years:
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

42 Pa.Cons.Stat.Ann. § 5524. The two year period is to be "computed ... from the time the cause of action accrued." *Id.* § 5502(a). This statute took effect on June 27, 1978; it does not apply to claims which were barred as of one day before its effective date. Section 25(b) of Act 1976, July 9, P.L. 586 (reprinted following 42 Pa.Cons. Stat.Ann. § 5524); *Ciccarelli v. Carey Canadian Mines,* 757 F.2d 548, 552 (3d Cir. 1985); *Gravinese v. Johns-Manville Corp.,* 324 Pa.Super. 432, 471 A.2d 1233, 1236 & n. 4 (1984). Thus, I must first inquire whether the claims of any of the plaintiffs were barred as of June 26, 1978, under the statute of limitations then in force for wrongful death and survival claims.

The statute in force on June 26, 1978 fixed a limitations period of one year for wrongful death actions and two years for survival actions. *See* 12 P.S. §§ 34, 1603; *Anthony v. Koppers Co.,* 496 Pa. 119, 436 A.2d 181, 183 (1981); *Gravinese, supra,* 471 A.2d at 1235. Each of the fourteen decedents died more than one year before June 26, 1978; in addition, twelve of the fourteen decedents died more than *two* years before June 26, 1978. Consequently, unless some equitable defense to the statute is established, all fourteen wrongful death claims and twelve of the fourteen survival claims are barred.

---

**1.** Although defendants ostensibly seek summary judgment, defendants have not attached any affidavits or documents in support of their position, except for those portions of the complaint which list the dates on which plaintiffs' decedents died. Plaintiffs, in response to the motion, have submitted a long and detailed "Offer of Proof" which purports to describe the manner in which defendants have, over the course of this century, concealed from the public the dangerousness of asbestos. For the purpose of deciding the defendants' motion, I accept the allegations of both the complaint and the offer of proof as true.

**2.** The case was initially brought in the Court of Common Pleas for Montgomery County, Pennsylvania. Defendants subsequently removed to federal court. The parties agree that the Pennsylvania statute of limitations applies to this case.

Plaintiffs raise two such defenses. First, plaintiffs argue that the "discovery rule" applies to toll the running of the statute prior to the time when the decedents either knew or reasonably should have known of their asbestos-related injuries. *See Cathcart v. Keene Industrial Insulation,* 321 Pa.Super. 123, 471 A.2d 493, 500 (1984) (*en banc*). Second, plaintiffs contend that defendants are guilty of fraudulent concealment of the dangerousness of their asbestos products, and accordingly are estopped from claiming the benefit of the statute of limitations. *See Swietlowich v. County of Bucks,* 610 F.2d 1157 (3d Cir.1979); *McNair v. Weikers,* 300 Pa. Super. 379, 446 A.2d 905, 909 (1982).

Neither contention has even arguable merit. The "discovery rule" does not apply to extend the time for filing wrongful death or survival claims under the statute in force prior to June 1978. *Ciccarelli v. Carey Canadian Mines, supra,* at 553–554; *Anthony v. Koppers Co., supra,* 436 A.2d at 183–85. And while fraudulent concealment may indeed estop a defendant from invoking the statute of limitations, our Court of Appeals has determined that an offer of proof *identical in all respects to the one submitted in this case* is insufficient to sustain such a defense. *Ciccarelli, supra,* at 557.[3] For these reasons, I conclude that (1) the wrongful death claims of all fourteen plaintiffs must be dismissed, and (2) the survival claims of all plaintiffs except Gladys Butts and Lucy Palatucci must also be dismissed.

## II.

The survival claims of Ms. Butts and Ms. Palatucci stand on somewhat firmer ground. Both William Henry Butts and Sullivan Palatucci died approximately twenty months prior to the effective date of the statute of limitations currently in force. The survival claims of their representatives were not barred as of the date the current statute went into effect; consequently, the current statute governs the survival claims

brought by these decedents' representatives.

Like its predecessor, the current statute establishes a two-year limitations period for personal injury claims, including those brought as survival actions. 42 Pa.Cons. Stat. § 5524(2). Because both Butts and Palatucci died more than two years before the complaint in this case was filed, the survival claims of their representatives are barred absent some equitable defense.

■ In *McGowan v. University of Scranton,* 759 F.2d 287 (3d Cir.1985), the Court of Appeals held that—by contrast with its predecessor statute of limitations, as construed in *Anthony v. Koppers Co., supra*—section 5524 *does* incorporate the "discovery rule," not only as to ordinary personal injury actions but also as to survival and wrongful death actions. In an exhaustive opinion by Judge Becker, the court concluded that the different language and structure of the current statute compelled a different conclusion than the one reached by the Pennsylvania Supreme Court under the old statute. *McGowan, supra,* at 292–301. *Accord Pastierik v. Duquesne Light Co.,* 491 A.2d 841 (Pa.Super.Ct.1985) (*per curiam*). Accordingly, if Ms. Butts and Ms. Palatucci have properly alleged that they neither knew nor reasonably should have known of the cause of their decedents' deaths more than two years prior to December 26, 1979, their survival actions are not barred as a matter of law. *Cathcart, supra,* 471 A.2d at 500. *See also Bickell v. Stein,* 291 Pa.Super. 145, 435 A.2d 610, 612–13 (1981).

■ At oral argument on defendants' motion, counsel for both sides appeared to assume that the "discovery rule" was properly invoked in the complaint, and confined themselves to arguing whether that rule could apply to the survival claims brought by Ms. Butts and Ms. Palatucci. Counsel's apparent assumption was not justified. The complaint and plaintiffs' offer of proof allege (1) that defendants concealed infor-

---

**3.** At oral argument, counsel for the plaintiffs conceded that the offer of proof submitted in

this case was a xerox copy of the one used in *Ciccarelli.*

mation about the dangers of asbestos, and (2) that plaintiffs and their decedents were consequently unaware of those dangers during the course of their association with asbestos products. *See* Complaint ¶¶ 32–34. Such allegations do not meet the standard fixed by Pennsylvania appellate decisions for establishing the applicability of the discovery rule. *Pocono International Raceway v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471–72 (1983) (plaintiff must establish "the *inability* of the injured, *despite the exercise of due diligence*, to know of the injury or its cause") (emphasis in original); *Bickell v. Stein, supra*, 435 A.2d at 612–13. Those decisions place "a heavy burden of inquiry upon the party seeking to invoke [the discovery rule]." *Lowe v. Johns-Manville Corp.*, 604 F.Supp. 1123, 1127 (E.D.Pa. 1985) (Luongo, C.J.). *See also Ciccarelli, supra*, at 553; *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 709–11 (3d Cir.1982). A plaintiff must "allege and prove facts which show that he made reasonable efforts to protect his interests and which explain why he was unable to discover the operative facts for his cause of action sooner than he did." *Bickell v. Stein, supra*, 435 A.2d at 612. The allegations in the complaint and in plaintiffs' offer of proof do neither. The generalized concealment allegations may, if buttressed by evidence, support an inference that Messrs. Butts and Palatucci were non-negligent in continuing to expose themselves to asbestos dust over a period of many years. They do not, however, show why the plaintiffs were unable to ascertain that the decedents' deaths were caused by asbestos-related illnesses.[4] Nor is it sufficient to allege that the decedents or their representatives were, during the relevant time period, unaware of the hazards of asbestos. The discovery rule requires a showing of *reasonable* ignorance, and not merely subjective lack of knowledge. *O'Brien v. Eli Lilly & Co., supra*, 668 F.2d at 711; *Pocono International Raceway, supra*, 468 A.2d at 471–72. For these reasons, I find that, on the record currently before me, plaintiffs have not alleged facts which might justify the application of the discovery rule.[5]

Because the sufficiency of plaintiffs' allegations of non-discovery was not raised in defendants' motion, I shall accord plaintiffs the opportunity to supplement the record on that issue. Defendants' motion for summary judgment as to the survival claims of Ms. Butts and Ms. Palatucci will be denied, on the condition that these plaintiffs file, within ten days of the date of this Memorandum, an offer of proof which, if substantiated by the evidence, would suffice to show their reasonable ignorance of the cause of their decedents' deaths.

---

**4.** Plaintiffs' offer of proof contains no information concerning the medical histories of any of the decedents. Without some such information, it is impossible to tell what plaintiffs actually knew, let alone assess the reasonableness of plaintiffs' ignorance.

**5.** I do not mean to suggest that plaintiffs were required in the complaint to anticipate defendants' reliance on the statute of limitations. The statute of limitations is an affirmative defense, and as such need not be addressed in the complaint. Nor are plaintiffs required to file a reply to the answer in order to preserve their claim of non-discovery. The Federal Rules of Civil Procedure do not permit the filing of a reply to an answer except in special circumstances. *See* Fed.R.Civ.P. 7(a); C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 1185–1186 (1969). Instead, affirmative defenses raised in the answer, such as the statute of limitations, are presumed denied. Fed.R. Civ.P. 8(d). Plaintiffs were thus within their rights to restrict the complaint to allegations which were necessary to establish the elements of plaintiffs' claims, and were not required to respond to affirmative defenses which might be raised.

Nevertheless, once defendants filed the instant motion, plaintiffs were required to submit either evidence or an offer of proof on the discovery issue, as to which plaintiffs have the burden of proof. *Bickell v. Stein, supra*, 435 A.2d at 612.