J-A29024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAMERON BOBBETT AND DENA BOBBETT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ALFONSO A. FOSCO AND JUDITH L. FOSCO, | |
| Appellee | No. 320 WDA 2014 |

Appeal from the Order entered January 23, 2014,
in the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): GD 12-02-021868

BEFORE:  FORD ELLIOTT, P.J.E., ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 03, 2014**

Husband and wife, Cameron and Dena Bobbett, ("Appellants"), appeal from the trial court's grant of judgment on the pleadings in favor of Alfonso A. and Judith L. Fosco, husband and wife, ("Sellers").  We affirm.

The trial court detailed the posture and factual background relative to this action as follows:

> In this case, [Sellers] seek Judgment on the Pleadings against [Appellants], on the basis of the running of the statute of limitation.

> The issue arises in a context in which [Appellants] bought a residential dwelling from [Sellers].  [Sellers] in the required real estate sale disclosure form said that there were no problems with the sewer system.  The sale then closed on July 11, 2005. [Appellants] suffered sewer back ups in December 2005 and July

---

*Retired Senior Judge assigned to the Superior Court.

2009. [Appellants] characterize[] these back ups as "isolated", a careful lawyer-like way of pleading. Whether "isolated" or not, such an occurrence should have given cause for them to check further.

Indeed, no further back ups occurred and [Appellants] brought this suit only after a plumber, in September 2011, told them that [Sellers], while owning the property, had experienced back ups between July 2004 and March 2005. It is on this basis that [Appellants] filed suit on November 19, 2012.

Part of the claim includes a demand for $19,400 for repair of the alleged blockage. Interestingly, included is the installation of a new 3/4" copper water line. I see nothing in the complaint or the disclosure form that warrants any water line repair. While it may be cost effective to use the same trench for sewer and water, the same has not been disclosed or the appropriate reduction made.

[Sellers] ha[ve] filed an Answer and New Matter to the Complaint, quoting exculpatory language in the sales agreement, to wit, Section 1-02 with regard to Representation and Release, Para. 55 through 58. [Sellers] ha[ve] also raised the two year statute of limitations applicable to Real Estate Disclosures. (Para 62 through 66)[.]

At Argument, [Appellants] asserted that the two year statute of limitations has been tolled by the "discovery rule". In essence they discovered the non-disclosure only in September 2011 when a plumber told them he had serviced the sewer line on multiple occasions in 2004 and 2005. Therefore, they filed timely with the two year statute.

In support of their argument, [Appellants] cite[] Fine v. Checcio, 870 A.2d 850 at 861, for the proposition that a Statute of Limitations tolled by Fraud "…begins to run when the injured party knows or reasonably should know of his injury and its cause."

Trial Court Memorandum Order, 1/23/14, at 1-2.

On June 13, 2013, Appellants filed a reply to Sellers' answer and new matter. On September 13, 2013, Sellers moved for judgment on the

- 2 -

pleadings. On December 9, 2013, Appellants filed their response to Sellers' motion on the pleadings. On January 22, 2014, the trial court issued a memorandum order, which was docketed on January 23, 2014, granting judgment on the pleadings in Sellers' favor and against Appellants. On February 20, 2014, Appellants filed a notice of appeal. The trial court did not enter an order directing Appellants to file a concise statement of errors complained of on appeal. On February 27, 2014, the trial court indicated that "having previously authored a Memorandum Order … no additional or supplemental opinion will be filed." Rule 1925(a) Statement, 2/27/14, at 1.

Appellants present the following issues for our review:

A. The Court committed an error of law and/or abused its discretion in granting the Motion for Judgment on the Pleadings. The question of whether Appellants failed to exercise reasonable diligence in ascertaining their injury and the cause of their injury is not free and clear from doubt, therefore further discovery and determination by a jury of whether reasonable diligence was exercised are necessary.

B. The Court committed an error of law and/or abused its discretion in granting the Motion for Judgment on the Pleadings. The Court should have directed Appellants to file an amended pleading or, in the alternative, the Court should have awaited completion of discovery and decided whether Appellants claims were time barred on a motion for summary judgment.

Appellant's Brief at 4.

Both of Appellants' issues challenge the trial court's grant of judgment on the pleadings in favor of Sellers, and therefore, we address them together. We recognize:

[A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

***Erie Ins. Exchange v. Conley,*** 29 A.3d 389, 391-391 (Pa. Super. 2011)

(internal citation omitted).

Instantly, in granting judgment on the pleadings in favor of Sellers, the trial court reasoned:

[Appellants] first had knowledge in December 2005 that there was something in the sewer line that caused it to back up. That cause was never explored. Similarly, in July 2009, three and a half years later there was a back up. But no cause determined, and no investigation. Two years later a plumber told them of a history of back ups in 2004 and 2005, but they were experiencing no back up then. He, the plumber, was there for installation of a sink disposal. There was no back up at that time. Thereafter, [Appellants] made no investigation of the cause of the back up in July 2009 or in September 2011. [They] merely assumed it was the same cause that had brought the plumber there in 2004 and 2005.

While counsel has tried to avoid the implications of the 2005 and 2009 back ups, they cannot be written off as "isolated". What could be less isolated than backed up sewage in your basement? What also is unanswered is what is the present cause, if any. The plumber who disclosed the history is

- 4 -

> NOT the entity seeking to install the new sewer and water line. Further, based on the pleadings, the sewer line continues to run free.
>
> I believe the failure to show the cause of the back up is fatal to [Appellants'] claim. The sewer problem last occurred in July 2009 and we do not know the cause. Is it a cracked or collapsed line, or one filled with tree roots, or clogged due to diapers, a child's toys, excess paper or the like? I do not believe [Appellants] ha[ve] alleged enough to meet the discovery standard. Thus, the Motion for Judgment on the Pleadings for [Sellers] is granted.

Trial Court Memorandum Order, 1/23/14, at 2-3 (underline in original).

Based on our careful scrutiny of the pleadings and applicable jurisprudence, we affirm the trial court's order granting judgment on the pleadings in favor of Sellers and against Appellants.

On November 16, 2012, Appellants filed a complaint against the Sellers pleading the following causes of action: 1) breach of contract, 2) fraud, misrepresentation, and negligent misrepresentation, and 3) violation of the Unfair Trade Practices and Consumer Protection Law. *See generally,* Appellants' Complaint, 11/16/12.

Appellants' complaint "ar[ose] out of the purchase and sale of real property located at 4904 Bayard Street, Pittsburgh, Allegheny County, Pennsylvania 15213 (the "Property")[.]" *Id.* at 1 (unnumbered). Appellants averred that "[o]n or about April 21, 2005, [Appellants] and [Sellers] entered into a written Standard Agreement for the Sale of Real Estate for the purchase and sale of the Property ("Sales Agreement")." *Id.* Appellants further averred that on the same date, "[Sellers] provided [Appellants] with

a West Penn Multi-List Seller Disclosure Statement[,] which appears to have been prepared and signed by [Sellers] on August 19, 2004." *Id.* at 1-2 (unnumbered). Appellants stated that the Seller Disclosure Statement provides in pertinent part that "[Sellers] were not aware of any water leakage, accumulation or dampness within the basement, garage or crawl space." *Id.* at 2 (unnumbered), *citing* Exhibit B- Seller Disclosure Statement, Paragraph 4(b), Basements, Garages and Crawl Spaces. Appellants additionally stated that the Seller Disclosure Agreement provided that "[Sellers] were not aware of any leaks, backups or other problems relating to any of the plumbing, water and sewage-related items." *Id. citing* Exhibit B- Seller Disclosure Statement, Paragraph 8(h), Water and Sewage. Appellants averred, "[o]n July 11, 2005, the parties closed on the transaction for the purchase and sale of the Property."

Appellants' complaint additionally averred:

12. [Appellants] experienced an isolated sewage back up in December 2005 and then again in July 2009. [Appellants] have not altered the landscaping or caused any change in the conditions which would affect the Property's main sewer line.

13. [Appellants] have recently experienced significant problems with the sewage discharge system at the Property resulting in an extremely unpleasant odor[,] and sewage water backing up into the basement laundry room.

14. In September 2011, [Appellants] required the services of a plumber to install a garbage disposal. The plumber, who worked for F.E. Johanssen & Sons, Inc. during the period July 2004 and March 2005, stated that he had been familiar with the Property and … he had been to the Property many times to snake out the main sewer line in the basement for [Sellers].

15. [Appellants] w[ere] thereafter provided with copies of F.E. Johanssen & Sons, Inc. work orders dated July 28, 2004 (2), September 21, 2004, February 24, 2005 and March 29, 2005.

16. The … work orders are for clearing the main sewer line.

*** 

20. On February 16, 2012, [Appellants] were informed by Lerco Building Contractors that they were going to have to have … a new 4" PVC sewer pipe and ¾" copper water pipe installed from the street to the connection point in their basement. This corrective measure will repair the damage to their sewer lines which has been present since the time [Sellers] sold the Property to [Appellants]. This condition is hereinafter called a Material Defective Condition.

Appellants' Complaint, 11/16/12, at 2-3 (unnumbered).

Appellants' breach of contract claim against Sellers alleged that "[t]he Sales Agreement, as well as the representations relied upon [by Appellants,] which were made in the Seller Disclosure Statement, created a contractual duty, owed by [Sellers], to sell the Property in conformity with the Sales Agreement and the representations made in the Seller Disclosure Statement." *Id.* at 4 (unnumbered). Appellants additionally alleged that Sellers "materially breached the Sales Agreement and Seller Disclosure Statement" in "a wrongful, untruthful and negligent manner," by failing to "disclose [the Property's] Material Defective Condition." *Id.* at 5 (unnumbered).

Appellants' cause of action for fraud, misrepresentation, and negligent misrepresentation against Sellers was based on Sellers "fail[ure] to disclose the known Material Defective Condition on the Seller Disclosure Statement,"

and Sellers' "affirmative[] represent[ation] that [Sellers] were not aware of any leaks, backups or other problems relating to any plumbing, water and sewage related items." *See id.* at 5-7 (unnumbered).

Appellants' claim against Sellers for violating the Unfair Trade Practices and Consumer Protection Law, ("UTPCPL"), alleged that Sellers "engaged in fraudulent and deceptive conduct which created a likelihood of confusion or of misunderstanding regarding the Material Defective Condition involving the Property in general, [*inter alia.]  See id.* at 7-8 (unnumbered).

The Seller Disclosure Agreement provides in pertinent part:

> A Seller must disclose to a Buyer all known material defects about the Property being sold that are not readily observable.  []
>
> This statement discloses the Seller's knowledge of the condition of the Property as of the date signed by the Seller and is not a substitute for any inspections or warranties that the Buyer may wish to obtain.  This statement is not a warranty of any kind by the Seller or a warranty or representation by any listing real estate broker, any selling real estate broker or their agents. []  This statement does not relieve the Seller of the obligation to disclose a material defect that may not be addressed on this form.
>
> ***
>
> A material defect is a problem with the Property or any portion of it that would have a significant adverse impact on the value of the residential real Property or that INVOLVES AN UNREASONABLE RISK TO PEOPLE ON THE LAND.

*Id.*, Exhibit B-Seller Disclosure Statement, at 1 (emphasis in original).

The Pennsylvania Real Estate Disclosure Law, which governs Appellants' claims concerning Sellers' failure to disclose a materially

defective condition within the Seller Disclosure Statement, provides in pertinent part as follows:

**§ 7309. Nonliability of seller**

**(a) General rule.--**A seller shall not be liable for any error, inaccuracy or omission of any information delivered pursuant to this chapter if:

(1) the seller had no knowledge of the error, inaccuracy or omission;

(2) the error, inaccuracy or omission was based on a reasonable belief that a material defect or other matter not disclosed had been corrected[.]

\*\*\*

**§ 7311. Failure to comply**

**(a) General rule.--**A residential real estate transfer subject to this chapter shall not be invalidated solely because of the failure of any person to comply with any provision of this chapter. However, any person who willfully or negligently violates or fails to perform any duty prescribed by any provision of this chapter shall be liable in the amount of actual damages suffered by the buyer as a result of a violation of this chapter. This subsection shall not be construed so as to restrict or expand the authority of a court to impose punitive damages or apply other remedies applicable under any other provision of law.

**(b) Statute of limitations.--**An action for damages as a result of a violation of this chapter must be commenced within two years after the date of final settlement.

68 Pa.C.S.A. §§ 7309(a)(1)-(2) and 7311(a)-(b).

Appellants' additional claims against Sellers concerning breach of contract, fraud, misrepresentation, negligent misrepresentation, and for violating the UTPCPL, are subject to the following statutes of limitations:

**§ 5524. Two year limitation**

The following actions and proceedings must be commenced within two years:

\*\*\*

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

\*\*\*\*\*\*\*\*\*\*\*

**§ 5525. Four year limitation**

(a) General rule. Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

\*\*\*\*\*\*\*\*\*\*\*

**§ 5527. Six year limitation**

**(b) Other civil action or proceeding.--**Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

42 Pa.C.S. §§ 5524(7), 5525(a)(1), and 5527(b); **see also Gabriel v. O'Hara,** 534 A.2d 488, 496 (Pa. Super. 1987) (six year statute of limitation under 42 Pa.C.S. § 5527(b) applicable to UTPCPL claims for failure to disclose defects pertaining to real property).

Our Supreme Court has opined:

[T]o excuse delay of the injured party in asserting his rights there must be an independent act of fraud or concealment which misled or prevented discovery. In determining whether the rights claimed should have been more promptly asserted, plaintiff is chargeable not only with what he knew but also with what he could have discovered with reasonable diligence.

*Turtzo v. Boyer*, 88 A.2d 884, 885-886 (Pa. 1952). Moreover, "[m]ere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute." *Schaffer v. Larzelere,* 189 A.2d 267, 269 (Pa. 1963)

We have explained:

The purpose of [statute of] limitation periods is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims. In light of the important purpose served by limitation periods, this Court has held that statutes of limitation are to be strictly construed.

*Wachovia Bank, N.A. v. Ferretti,* 935 A.2d 565, 575 (Pa. Super. 2007) (internal citation omitted).

Moreover, it is well-settled:

If by diligence a fact can be ascertained the want of knowledge so caused is no excuse for a stale claim. **The test is not what the plaintiff knows, 'but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him.'**

*Patton v. Com. Trust Co.,* 119 A. 834, 836 (Pa. 1923) (internal citation omitted) (emphasis supplied). Significantly, the *Patton* Court expressed that "[k]nowledge of facts which would put a person of ordinary prudence and diligence on inquiry is, in the eyes of the law, equivalent to a knowledge

of all the facts which a reasonably diligent inquiry would disclose." *Id.* (internal citation omitted).

Citing **Patton**, *inter alia,* our Court subsequently expressed:

> [A]s a general rule the start of the statutory limitation on an action in tort may be delayed by plaintiff's ignorance of his injury and its cause, until such time as he could or should have discovered it by the exercise of reasonable diligence. *Lewey v. Fricke Coke Co., 166 Pa. 536, 31 A. 261 (1895)*; *Anthony v. Koppers Co., Inc.,* —-Pa.Super. —-, 425 A.2d 428, 431-435 (1981) (and cases cited therein); *Gee v. CBS, Inc.,* 471 F.Supp. 600, 617 (E.D.Pa., 1979).
>
> The plaintiff has the burden of justifying any delay beyond the date on which the limitation would have expired if computed from the date on which the acts giving rise to the cause of action allegedly occurred. He must allege and prove facts which show that he made reasonable efforts to protect his interests and which explain why he was unable to discover the operative facts for his cause of action sooner than he did. *Patton v. Commonwealth Trust Co.*, 276 Pa. 95, 99, 119 A. 834 (1923). **Where the facts are neither disputed nor close, the decision on reasonableness is made by the court as a matter of law, instead of by the jury as a matter of fact**. *A. J. Aberman, Inc. v. Funk Building Corp.,* 278 Pa.Super. 385, 420 A.2d 594 (1980).

**Bickell v. Stein,** 435 A.2d 610, 612 (Pa. Super. 1981) (footnote omitted) (emphasis supplied).

Here, accepting all of the factual allegations within Appellants' pleadings as true, and considering against Appellants only those facts which Appellants admit, we find that the trial court did not err in granting judgment on the pleadings in favor of Sellers and against Appellants. It is clear and free from doubt that Appellants' action is untimely and that

amendments would not cure the untimeliness. Accordingly, Sellers are entitled to judgment.

Appellants' complaint avers, and attaches as exhibits, completed work orders which reflect that Sellers experienced multiple problems with the property's sewer line on July 26-27, 2004, September 17, 2004, February 22, 2005, and on March 25, 2005. Accepting the work orders as true, Sellers may not have been required to disclose the sewer line issues because they had been repaired prior to the April 21, 2005 execution of the Seller Disclosure Statement. *See* 68 Pa.C.S.A. § 7309(2).

Even assuming that Sellers were obligated to disclose the prior sewer line problems, Appellants would have been required to file an action for Sellers' failure to disclose said issues within two years of July 5, 2005, the date of final settlement regarding the property. *See id.* at § 7311(b). Likewise, Appellants had until July 11, 2007 to initiate an action concerning their claims of fraud, misrepresentation, and negligent misrepresentation. *See id.* at § 5524(7). Moreover, Appellants' breach of contract claims became time barred on July 11, 2009. *See id.* at § 5525(a)(1). Appellants' UTPCPL claims against Sellers were time barred effective July 11, 2011. Therefore, Appellants' November 16, 2012 action was untimely.

Appellants contend that the Sellers' failure to disclose the sewer line problems, which Appellants did not discover until September 2011, tolls the foregoing statutes of limitations. We cannot agree. Appellants' complaint specifically avers that in December 2005, Sellers experienced a sewer

backup. We agree with the trial court that this event, five months following the final settlement regarding the property, "[w]hether 'isolated' or not,…should have given cause for [Appellants] to check further." Trial Court Memorandum Order, 1/23/14, at 2. Therefore, consonant with the rationale espoused in **Turtzo**, **Schaffer**, **Ferretti**, **Patton**, and **Bickell, supra**, we find that Appellants' action was untimely, and affirm the trial court's grant of judgment on the pleadings in favor of Sellers and against Appellants because it is clear and free from doubt that Sellers are entitled to judgment.

Order affirmed.

Ford Elliott, P.J.E., joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014

- 14 -